BlackeORD, J.
This was an action of debt brought by the State against the State Bank of Indiana. The declaration was. filed in the Circuit Court at the November term, 1841. The suit was brought in consequence of the non-payment of a certain sum of money alleged to be due to the State from the bank for taxes for the year 1841, on the stock in the branch bank at Indianapolis, owned and paid in by individuals. Plea, nil debet, except as to a part of the taxes, &c., and as to that part a tender. Replication admitting the tender, &c.
The parties filed a statement of the facts as agreed upon by them,- which raised two questions only, and which questions were submitted to the Circuit Court for decision. These questions are as follows:
“ 1. Whether the branch at Indianapolis of the State Bank of Indiana is liable to pay the tar contemplated by the act *375 entitled 'An act to provide for the further construction of the Madison and Indianapolis Railroad,’ approved Feb. 15th, 1841?”
“ 2. Whether the tax assessed by the 15th section of the bank charter for education purposes is included in or is in addition to the ad valorem taxation to which the individual stock is liable as other property, while the whole of the assessment on such stock is less than one per cent. ?”
The Circuit Court rendered judgment for the defendant.
We think, with respect to the first question, that the tax mentioned in it was a State tax; and that the taxable stock in the branch at Indianapolis of the State Bank, owned and paid in by individuals, was liable for the ad valorem tax contemplated by the statute referred to in the question.
The 15th section of the bank charter, mentioned in the second question, is as follows: “Sect. 15. There shall be deducted from the dividends, and retained in bank each year, the sum of twelve and a half cents on each share of stock other than that held by the State; which shall constitute part of the permanent fund to be devoted to purposes of common school education, under the direction of the General Assembly, and shall be suffered to remain in bank and accumulate until such appropriation by the General Assembly; and said tax ehall be in lieu of all other taxes and assessments on the stock in said bank. And in case of an ad valorem system of taxation being adopted during this charter, the said stock shall be subject to the same ratio of taxation as other capital, not exceeding one per centum including the aforesaid tax; and the said tax shall only be assessed on such portion of the stock as shall have been paid, and on account of which the stockholders shall not be indebted to the State.”
*We believe the meaning of that section of the bank charter to be this: That in addition to the twelvé and a half cents on each share of the stock other than that held by the State, to be deducted from the dividends for the purposes of education, the stock liable to the ad valorem system of taxation, established by law since the date of the *376 charter, is subject to the same ratio of taxation to which other capital is subject; provided the sum deducted from the dividends for education as aforesaid, and the ad valorem tax, do not together exceed one per centum. That is the construction given to the section in question by an act of the Legislature in 1841; and we consider it to be the correct one.(1)
H. O’Neal, for the State.
C. Fletcher, 0. Butler, S. Yandes, and 8. C. Stevens, for the defendant.
It appears to us, therefore, that both the questions in this cause, submitted to the Circuit Court, were incorrectly decided.
Dewey, J., dissented from the opinion of the Court on the second question.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.

 Vide The State v. The State Bank, and The State Bank v. Brackenridge. May term, 1845.