May Term, 1845.

THE STATE
v.
THE STATE
BANK.

---

THE STATE, on the Relation, &c., *v.* THE STATE BANK.

The sum reserved for education by the charter of the state bank on individual stock, and the *ad valorem* tax thereon, cannot, together, exceed one *per cent.* on such portion of said stock as has been paid in, and on account of which the stockholders are not indebted to the state.

ERROR to the *St. Joseph* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit by which the plaintiff claimed in the declaration the sum of 177 dollars and 24 cents for the state, county, and road tax, assessed by the auditor on the branch at *South Bend* of the state bank, for the year 1843. Plea of payment as to part of the amount claimed, and non assumpsit as to the residue. The cause was submitted to the Court on the following case agreed upon by the parties:

"The number of shares of individual stock in said branch bank is 1,600. Of these shares, 36 have been fully paid out; on 65 shares, the sum of 34 dollars and 37½ cents has been paid on each; and on 1,499 shares, 18 dollars and 75 cents have been paid on each; making the whole amount of individual stock paid out 32,140 dollars and 62 cents. The amount of state, county, and road tax, assessed in the county of *St. Joseph*, where said branch is situate, for the year 1843, is 55 cents and 2 mills on the hundred dollars. The amount of tax assessed by the auditor of state on said individual

Monday,
June 2.

stock, for the year 1843, is 177 dollars and 24 cents; of which the said branch has paid the sum of 112 dollars. On the above statement of facts, if the Court be of opinion that the plaintiff is entitled to assess and receive a tax upon the unpaid stock of said branch, they will find for the plaintiff the sum of 65 dollars and 24 cents. On the contrary, should they be of opinion that the plaintiff is entitled to assess and receive a tax only upon the stock paid out, they will find for the defendant."

The Court gave judgment for the defendant.

The 15th section of the bank-charter is as follows: "There shall be deducted from the dividends, and retained in bank each year, the sum of twelve and a half cents on each share of stock, other than that held by the state; which shall constitute part of the permanent fund to be devoted to purposes of common school education, under the direction of the general assembly, and shall be suffered to remain in bank, and accumulate, until such appropriation by the general assembly; and said tax shall be in lieu of all other taxes and assessments on the stock in said bank. And in case of an *ad valorem* system of taxation being adopted during this charter, the said stock shall be subject to the same ratio of taxation as other capital, not exceeding one *per centum* including the aforesaid tax; and the said tax shall only be assessed on such portion of the stock as shall have been paid, and on account of which the stockholders shall not be indebted to the state."

We have heretofore decided, in relation to this section of the bank-charter, that, in addition to the twelve and a half cents on a share reserved for education, the individual stock is subject to an *ad valorem* tax; but that the two taken together cannot exceed one *per centum*. *The State* v. *The State Bank*, 6 Blackf. 349. The case now under consideration requires us to notice the manner in which the one *per cent.* is to be ascertained. The state contends, that the sum reserved as aforesaid on a share, which share is 50 dollars, is to be considered as a fourth of the one *per cent.*, without regard to what has been paid on it; and that, therefore, the *ad valorem* tax may go as high, in all cases, as three-fourths of one *per cent.* on the amount paid by the holder. But this position cannot be sustained. We understand by the 15th section of the charter, that that part of one *per cent.* on the

sum paid on a share by an individual, without borrowing from the state, which twelve and a half cents is, should be deducted from one *per cent.* on such payment; and that the remainder is the limit of the *ad valorem* tax on the amount so paid.

In the case before us, the sum reserved for education on the shares of individual stock on which only the first instalment of 18 dollars and 75 cents has been paid, and the *ad valorem* tax assessed on the amount so paid, make together considerably more than one *per cent.* on that amount; and the assessment of the *ad valorem* tax is therefore too high.

According to this view of the subject, the question submitted to the Circuit Court was correctly decided.

*Per Curiam.*—The judgment is affirmed.

*J. D. Defrees*, for the plaintiff.

*J. L. Jernegan*, for the defendant.