May Term,
1851.

DONNELL v. THE STATE.

DONNELL
v.
THE STATE.

The statute prohibiting the retailing of spirituous liquors without license contains no exception in favor of a sale for medical purposes. R. S. 1843, p. 979, s. 93.

If a druggist, upon a proper occasion, *bona fide*, and with due caution, retail liquor to be used merely as a medicine, he will not be considered as having violated the statute.

*Friday,*
*July 11.*

ERROR to the *Johnson* Circuit Court.

BLACKFORD, J.—This was an indictment, found at the *March* term, 1850, against the defendant for selling with out license one pint of spirituous liquor for ten cents. The indictment alleges that the defendant was licensed to vend drugs and medicines; and that said liquor was sold for medical purposes. The offence is charged to have been committed on the first of *January*, 1850. The indictment concludes against the form of the statute.

Plea, not guilty. Cause submitted to the Court, and judgment rendered for the state.

The evidence was as follows: The witness called at the defendant's drug-store about the first of *January*, 1850, and applied to the defendant for a pint of whisky and some aloes. The defendant asked the witness what he wanted the whisky for, and the witness answered that he wanted to make a tincture to be used as a medicine for himself and family. The defendant told the witness that he needed some rhubarb to put into it, and told him what proportions of aloes and rhubarb he should use in a pint of whisky. The witness took the amount of aloes and rhubarb prescribed by the defendant, but did not recollect the precise quantity of each. He believed, however, there were one ounce of aloes, two ounces of rhubarb, and the pint of whisky. The witness paid the defendant for them, ten cents of the money being for the whisky. The witness went home, and used the whisky, aloes, and rhubarb, to make the tincture as advised by the defendant. The witness had used a part of the tincture in his family for medical purposes, and still had a little of it in his

house. He did not ask the defendant to prescribe; the tincture being the witness's own prescription.

This was all the evidence given in the cause.

The only question is whether there ought to be a new trial.

It is true that the statute prohibiting the retailing of spirituous liquors without license, contains no exception in favor of a sale for medical purposes. R. S. 1843, p. 979, s. 93. But, in construing a statute, it is proper to look to its effects. Statutes certainly are not always, nor ought they to be, construed literally. The *Bolognian* law, which enacted "that whoever drew blood in the streets should be punished with the utmost severity," was held, after long debate, not to extend to the surgeon who opened the vein of a person that fell down in the street with a fit. 1 Blackstone's Comm. 60. If, in the case before us, the liquor was sold by the defendant upon a proper occasion, *bona fide*, and with due caution, to be used merely as a medicine, we do not think he can be considered as having violated the statute.

With this view of the law, we have examined the evidence in the cause, and are of opinion that there ought to be another trial.

*Per Curiam.*—The judgment is reversed. Cause remanded for further proceedings.

*H. Brown* and *A. G. Porter*, for the plaintiff.

*F. M. Finch*, for the state.