May Term, 1854.

DEPEW
v.
THE BOARD
OF TRUSTEES,
&c.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. M. Hanna,* for the appellants.

*S. B. Gookins,* for the appellees.

---

### DEPEW *v.* THE BOARD OF TRUSTEES OF THE WABASH AND ERIE CANAL.

There are two classes of streams within and bordering upon *Indiana,* which are called navigable streams and public highways : one (which has generally been declared navigable by the legislature, but which the boards of county commissioners, by the R. S. 1852, are empowered to declare so,) is only navigable for certain kinds of craft, certain distances within the state, and is not visited by vessels coming from and going to navigable waters of other states by continuous voyages; the other consists of those which are navigable in fact for vessels coming out of or returning into the navigable waters of other states by continuous voyages.

Over the former class the state has exclusive jurisdiction, and may, for the public good, authorize obstructions at pleasure; and (except so far as private property is taken or injured) no action can be sustained therefor.

Over the latter class of streams, so far as they are within her limits, the state, in the absence of legislation by congress, has the same jurisdiction : but congress has the right, under s. 8, art: 1, of the constitution of the *United States,* to interpose, and divest the state of this jurisdiction.

The constitution of the *United States* superseded the ordinance of 1787, so far, at least, as to abrogate all restraints upon the powers of the states formed out of the *Northwestern Territory* which did not exist upon the powers of the original states.

The provision in the ordinance of 1787, that the navigable waters leading into the *Mississippi,* &c., shall be free, &c., was superseded by the adoption of the constitution of the *United States.*

But congress has, by subsequent acts, so far recognized and adopted that provision as to give it the force of an existing law.

A state has no right, now, seriously to obstruct the navigation of streams which are channels of inter-state trade.

*Raccoon creek,* in *Parke* county, is not an inter-state navigable stream.

ERROR to the *Parke* Circuit Court.

PERKINS, J.—Case to recover damages for the obstruction of a navigable stream.

*Depew*, the plaintiff, alleges that *Raccoon* creek, in *Parke* county, *Indiana*, is, and has been, a navigable stream for boats, &c.; that he had been accustomed to navigate it, and make profits thereby, till, &c., when the trustees of the *Wabash* and *Erie* canal obstructed it, &c.

The trustees pleaded that the legislature of the state located the *Wabash* and *Erie* canal; that they (the trustees) constructed said canal, by authority of law, upon the location made by the state; and that in doing so, it became necessary to cross said *Raccoon* creek by an aqueduct, which constitutes the obstruction complained of.

Demurrer to this plea overruled, and final judgment for the defendants.

This case leads to the examination of the subject of navigable rivers.

There are two classes of streams within, and bordering upon, *Indiana*, which are called navigable streams and public highways. One of these classes is only navigable for certain kinds of craft, certain distances within the state, and is not visited by vessels coming from and going to, by continuous voyages, navigable waters of other states.

This class of streams has been generally declared navigable by the legislature. At present, county commissioners, in the several counties, are vested with the power of declaring streams navigable. R. S. 1852, vol. 1., p. 373. These streams are highways for trade and commerce within the state.

The other class of navigable streams is composed of those which are navigable, in fact, for vessels coming out of, and returning into, by continuous voyages, the navigable waters of other states. These streams are highways for commerce between the states.

Over the first of the above classes the state has exclusive jurisdiction; and may authorize obstructions of the streams of which it is composed, at pleasure, for the public good, and no action can be sustained on account of an

May Term, 1854.

DEPEW
v.
THE BOARD
OF TRUSTEES,
&c.

Monday,
May 22.

May Term,
1854.

DEPEW
v.
THE BOARD
OF TRUSTEES,
&c.

obstruction so authorized; but if private property is taken or injured, it must be paid for as in other like cases. In the act of 1852, above referred to, the state has, accordingly, enacted, that "the declaration of navigable water courses as navigable, by said county board, shall not affect any mill, nor any dam, aqueduct, viaduct, bridge, or machinery, which has been, or may hereafter be established on said stream."

Over the streams composing the second class, the state has, also, in the absence of congressional interference, jurisdiction equally supreme, so far as they are within her territorial limits. *Wilson* v. *The Blackbird Creek Marsh Co.*, 2 Peters (U. S.) R. 245.—*The State of Pennsylvania* v. *The Wheeling Bridge Co.*, 13 Howard (U. S.) R. 518.— *Rundle et al.* v. *The Delaware and Raritan Canal Co.*, 14 *id.* 80.

But the national legislature may interfere and deprive the state of this jurisdiction. By the constitution of the *United States*, art. 1., section 8, congress has power "to regulate commerce with foreign nations, and among the several states, and with the *Indian* tribes." This power to regulate commerce among the states, includes the right to keep open and free the natural channels of that commerce. *Gibbons* v. *Ogden*, 9 Wheat. 1.—*The State of Pennsylvania* v. *The Wheeling Bridge Co.*, *supra*. When congress exercises this power, therefore, the previous power of the state to shut up, or materially obstruct said channels, is suspended.

Has congress exercised the power?

On the 13th of *July*, 1787, prior to the adoption of the constitution of the *United States*, the celebrated ordinance for the government of the territory northwest of the *Ohio* river was passed, containing, among a great many other stipulations, one providing that the navigable waters, &c., should be free, &c.

Afterwards, in *September*, 1787, was framed the constitution of the *United States*, which was subsequently ratified by the states, and which, as the states of the northwest entered into the confederacy under it, formed a new com-

pact of government for them, and being later than the May Term, 1854. ordinance, superseded it, so far, at least, as to abrogate all restraints upon the powers of the states formed out of said northwestern territory, not existing upon the powers of the original states; and so we understand the Supreme Court of the *United States*, in *Pollard's Lessee* v. *Hagan*, 3 Howard 212, to have unanimously decided. In other words, the states of this confederacy are equal under the constitution. Every thing that one has power to do, each has power to do, so far as restraint from prior compact, or the general government, is concerned.

DEPEW
v.
THE BOARD
OF TRUSTEES,
&c.

But, as has been said, congress has power, under the constitution, to regulate commerce between the states; and this power, as we have seen, includes that of keeping open and free the navigable rivers which are channels of this inter-state trade; and it is decided by the Supreme Court of the *United States* in *Pollard's Lessee* v. *Hagan*, and *The State of Pennsylvania* v. *The Wheeling Bridge Co.*, *supra*, that congress has, by subsequent acts, so far recognized and adopted the provision of said ordinance of the 13th of *July*, 1787, in regard to navigable streams, as to give it the force of a subsisting law of the *United States*.

A state, then, cannot seriously obstruct the navigation of those streams which are channels of inter-state trade, as congress has interfered to regulate commerce upon them.

It remains to inquire to which of the two classes of streams under consideration *Raccoon* creek, in *Parke* county, *Indiana*, belongs. The declaration does not inform us. It avers simply that said creek is navigable, at the place of obstruction in *Parke* county, for all the citizens; and the plea avers, and the demurrer admits, that said stream lies wholly within this state. If we resort to the map for information, indications do not favor the national character of this creek; and we are free to confess that our general information is not such as to enable us to say, historically, that *Raccoon* creek, in *Parke* county, *Indiana*, is an inter-state navigable stream. We have never yet heard of a vessel clearing from the port of *New-Orleans*,

May Term,
1854.

DEPEW
v.
THE BOARD
OF TRUSTEES,
&c.

*St. Louis*, or *Cincinnati*, and discharging its cargo at a port or harbor on said *Raccoon* creek.   Nor have we ever heard of congress making appropriations for the improvement of the navigation of said creek.

We will further remark, that, in our opinion, it is not the policy of this state to enlarge the list of those streams that shall be held navigable within the power of congress; for by such enlargement she diminishes her own power over the waters of the state, and to the same extent cripples her action for its improvement.   If every stream which may float a birch canoe, or, in a freshet, a raft of logs or a flat-boat, is to be held a navigable stream within the power of congress, it will be impossible for this state to construct additional railroads, canals, or turnpikes, or continue those now in existence, as the bridges, &c., over them are, and will be, inevitable obstructions, and, consequently, nuisances, which must be removed, or, at great expense and inconvenience, modified in their structure.   And for what good?   In the early settlement of a country, before artificial highways are constructed, these small streams afford some temporary convenience; but they are infinitely inferior to such highways when constructed; and on their construction, these streams almost cease to be used by the public, and, hence, should not be held to be public highways, to be forever kept open to the great detriment of the public.   If not regarded as highways legally, they may and would be used in a new country till artificial ways were constructed, and longer than that they would not be needed.

We think *Raccoon* creek, in *Parke* county, is not an inter-state navigable stream; and that, hence, the state had a right to authorize its obstruction.

*Per Curiam.*—The judgment is affirmed with costs.

*R. W. Thompson*, for the plaintiff.

*A. L. Roache*, for the defendants.