THE BANK OF THE STATE OF INDIANA *v.* THE CITY OF NEW ALBANY.

The latter clause of § 15 of the charter of the *Bank of the State of Indiana*, providing that "the capital stock of said bank or branches shall not be taxable for municipal purposes," is constitutional.

APPEAL from the *Floyd* Circuit Court.

PERKINS, J.—This was an application for an injunction to restrain the city of *New Albany* from collecting a tax levied by that corporation upon the capital stock of the

*Wednesday, November 24.*

| | |
|---|---|
| 11 | 139 |
| 137 | 561 |
| 11 | 139 |
| 142 | 186 |
| 11 | 139 |
| 145 | 459 |
| 147 | 492 |
| 11 | 139 |
| 152 | 15 |
| 11 | 139 |
| 156 | 699 |
| 11 | 139 |
| 161 | 473 |
| 11 | 139 |
| 171 | 665 |

branch of the bank therein located. The injunction was refused, and the complaint dismissed upon demurrer. The tax was held legal.

The existing constitution of *Indiana* authorizes the legislature to charter a bank with branches. Art. 11, § 4.

. Under this authority, the legislature did charter a bank, one of the sections of the charter of which reads thus:

"Sec. 15. The capital stock of said bank shall be subject to the same rate of taxation for state and county purposes as the property or stock of other moneyed corporations; and the real estate and other property of said bank and branches, situated in any city or town, shall be taxable for municipal purposes, in the same manner as other property so situated; but the capital stock of said bank or branches shall not be taxable for municipal purposes."

It is claimed that the latter clause of this section is unconstitutional.

The former constitution of this state conferred upon the legislature power to charter a bank with branches. Art. 10.

Under that authority, the legislature created such a bank, and, in the charter of the corporation, inserted limitations upon the power of taxing its capital stock. Those limitations were held valid. *The State* v. *The State Bank*, 7 Blackf. 393.— *The State Bank* v. *Brackenridge, id.* 395.— *The State* v. *The State Bank*, 6 *id.* 349.— *The State Bank* v. *Madison*, 3 Ind. R. 43. Nor could the municipal corporations in which branches were situated complain of the limitations as an infringement of their rights. In the case last cited, Judge BLACKFORD, in delivering the opinion of the Court, said:

"There is, then, an express prohibition in this amendatory act [amending the bank charter], against taxing the capital stock of the bank for any other than state purposes. The tax now in question [levied by the city of *Madison*], is on a part of said capital stock, and is not for a state purpose. The consequence is that the tax is illegal, unless the city of *Madison* is not bound by said prohibition. That city, like all other municipal corporations in our state, is entirely under the control of the legislature.

Its charter may be modified or repealed by the legislature at any time. *The People* v. *Morris*, 13 Wend. 325.—*Sloan* v. *The State*, 8 Blackf. 361. The consequence is, that the said prohibition is obligatory on the city of *Madison*, and that the assessment of said tax cannot be sustained."

. The unqualified grant, then, of power, in a constitution, to a legislature, to charter a bank, carries with it the power to fix the conditions upon and under which the corporation shall exist and act, one of which conditions may be an enlargement or curtailment of the right to tax it, as compared with other objects of taxation. *Gardner* v. *The State*, 1 Zabriskie, 557.—*The State Bank of Ohio* v. *Knoop*, 16 How. (U. S.) 369.—*The Ohio, &c., Company* v. *Debolt*, *id.* 416.

It now becomes necessary to inquire whether such unqualified, unlimited grant of power is conferred, by the constitution, upon the legislature of *Indiana*. It is not. There are limitations upon the power of creating a state bank. The legislature cannot create such a bank, the stockholders in which shall not, to a certain extent, be personally liable; nor in which the branches shall not be liable for each other; nor one that shall not be specie paying, &c. Article 11, *passim.* But is there any limitation which prohibits the creation of such a bank, whose capital stock shall be exempt from taxation by corporations, for corporate purposes?

· It is claimed that such limitation is contained in three several provisions of the constitution, viz., in § 23, art. 1; in § 19, art. 4; and in § 1, art. 10.

The first of these provisions is, that "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

We shall not here attempt to indicate the application this section of the constitution is to have in the various cases that may arise; but as touching the present, the only effect to be given to it is, that in creating a bank, the legislature must provide that, so far as the state is concerned, every citizen shall have an equal right to obtain stock in

it, till the amount authorized is taken.    Whether that was done in the charter of the *Bank of the State of Indiana,* is not made a point in the case now being considered. See Debates in Ind. Conv., vol. 2, pp. 1393 to 1399.    A different construction would have the effect to annul the section authorizing the creation of a bank, altogether; but the two sections, being in the same constitution, must be reconciled and given effect to if possible.    We think they can be.

As to § 19, art. 4, referred to, it provides that "every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title."

The title of the act incorporating the bank is "An act to establish a bank with branches."

We have already seen that the extent and manner of taxing the capital stock of the bank, when created, is a matter properly connected with the subject of chartering the institution, and it is only the subject, and not the matters properly connected therewith, that must be expressed in the title.

We see no conflict between the act and the sections of the constitution under consideration.

Section 1, art. 10, of the constitution is as follows:

"The General Assembly shall provide by law for a uniform and equal rate of assessment and taxation; and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal, excepting such only for municipal, educational, literary, scientific, religious, or charitable purposes, as may be exempted by law."

Conceding for the present, without deciding, that this section of the constitution, is peremptory and not merely directory, it can have no application to the case before us. It cannot refer to municipal taxation.    It must have reference mainly to the general levy by the state.    See *Greencastle Township* v. *Black,* 5 Ind. R. 557.    Taxes for corporation purposes cannot be equal.    Taxes for township and county purposes cannot be equal.    The latter, it is true,

must be levied under general and uniform laws. The constitution declares, that there shall be no local laws for the assessment and collection of taxes for state, county, township, and road purposes; the mode of assessing and collecting may, but the rate cannot, be the same except in the assessment for state purposes. The wants of townships and counties, require varied taxation.

Nor is there anything in the constitution requiring any particular degree of power to be conferred on cities. That instrument provides that they "may be formed under general laws." Sec. 13, art. 11 It says nothing expressly as to their powers. Hence, the legislature may endow them with more or less, at pleasure, within limits necessarily fixed by grants and limitations of power contained in other sections of the constitution than that quoted. *Aurora* v. *West*, 9 Ind. R. 74.—*The City of Lafayette* v. *Jenners*, 10 *id.* 70.

Accordingly, the legislature has prescribed for them a different rule of taxation, in regard to property subject to be assessed, from that pointed out for the state. The latter may assess upon all the personal estate owned by the citizen, whether it be in or out of the state. 1 R. S. §§ 3, 5, p. 105. The former can only assess upon that being within the limits of the cities severally. Laws of 1857, p. 57, § 42. See *The City of New Albany* v. *Meekin*, 3 Ind. R. 481. Under this latter provision, cities have not, so far as we are advised, assumed to levy a tax upon the capital stock of the several railroad corporations whose principal office was within their limits. They simply assess their real estate, &c., actually within their municipal limits. This is the construction which they have practically given to the law. In this view, the provision in the bank charter is in nowise different from the general law. That provision is, that the banking house, &c., actually in a given city, may be taxed by the city, but not the capital stock of the bank which may be owned out of the city.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded with instruction to grant the injunction.

*T. L. Smith* and *M. C. Kerr*, for the bank.

*J. H. Stotsenburg* and *T. M. Brown*, for the city.