*Morton* and *Burchenal*, for appellee.

---

SHAUFLER *v.* THE STATE.

APPEAL from the *Vanderburgh* Common Pleas.

---

McGILL *v.* THE STATE.

APPEAL from the *Clinton* Circuit Court.

---

FOSTER *v.* THE STATE.

APPEAL from the *Cass* Circuit Court.

---

BURNHARD *v.* THE STATE.

APPEAL from the *Tippecanoe* Circuit Court.

---

CHAMBERS *v.* THE STATE.

APPEAL from the *Vigo* Circuit Court.

Nov. Term,
1860.

KLEIZER *v.* THE STATE.

APPEAL from the *Boone* Circuit Court.

THE STATE *v.* SHOTTS.

APPEAL from the *Floyd* Circuit Court.

THOMASSON *v.* THE STATE.

Though the law of *March* 5, 1859, regulating the sale of spirituous liquors, contains no exception of sales made for medicinal or sacramental purposes, the Court will make the exception in proper cases.

The term "citizen," as used in § 23, of art. 1, of the Constitution, includes only white male citizens of the United States, of the age of twenty-one years, and white males of foreign birth, of the like age, who have declared their intention, under the act of Congress, to become citizens of the United States, and have resided in this State six months.

*Quære:* Whether these latter are citizens under § 2, of art. 2, of the Constitution of this State.

The law of *March* 5, 1859, *supra,* is not in conflict with § 23, art. 1, of the Constitution; as the "privileges and immunities" which it confers may be enjoyed by every "white male inhabitant" upon the same terms.

Nor is the law in conflict with § 1, of art. 10, of the Constitution, providing for a uniform rate of taxation, as that section relates only to the general levy.

The license fee required by the act is imposed in the exercise of the rightful police power of the State, is an incident of a legitimate police regulation, and is not within the prohibition of § 22, art. 4, of the Constitution.

The prohibition, in the act, of the giving or selling liquor to minors is embraced within the title of the act; but the defendant may show reasonable ground of belief that the minor was an adult.

Section 14 of the act, conferring jurisdiction of the offenses created by it upon the grand jury, is valid, and consistent with 2 R. S., § 14, p. 388, which confers jurisdiction of felonies.

It is competent for the Legislature, as a police regulation, to prohibit, under penalties, the sale of liquor by retail on *Sunday,* as well as on election and other public days.

In the law of 1853, the penalty for selling without license preceded the exception suspending the operation of the license on *Sunday;* but in the

law of 1859, the exception precedes the penal section, so that the penalty, in extending to all preceding sections, applies to a sale on *Sunday*, to which day the license does not extend.

Though some of the sections found in the act may be civil, and others penal, in their character, yet the act can not be said to embrace more than one subject matter, and matters properly connected therewith.

APPEAL from the *Washington* Common Pleas.         ·

PERKINS, J.—Conviction for retailing, under the liquor law of 1859. The case is appealed to this Court, where a reversal of the judgment is sought, not on erroneous rulings of the Court upon points of practice, but on the ground that the law itself is invalid.

Questions, almost without number, are raised and ably discussed ; some of which do not legitimately arise in this case, but do in others now pending before us ; and all of which must be sooner or later decided, and will, therefore, be now passed upon.

1. It is objected that no exceptions are made, in the law, of sales for medicinal or sacramental purposes. The Court will make the exceptions where proper. *Donnell* v. *The State*, 2 Ind. 658 ; Ind. Dig. 379.

2. It is said the law confers special privileges. Sec. 23 of art. 1 of the Constitution declares, that " privileges and immunities which, upon the *same terms*, shall not equally belong to all citizens, may not be granted."

Now who are citizens within the meaning of this provision ? Evidently none but those who participated in the formation of the government, or have a right to participate in its administration. These are, *white male citizens* of the United States, of the age of twenty-one years, and *white males* of foreign birth, of the like age, who have declared their intentions, under the act of Congress, to become *citizens* of the United States, and have resided in this State six months. Sec. 2, art. 2 of the State Constitution. *Quære :* Whether these latter are citizens ? It is said, States may confer privileges on those who are not citizens. This latter class are not citizens of the United States ; nor can they become so till after five years' residence therein ; because, till

that period has elapsed, they can not take the oath of allegiance to this government.

The term " citizen" has come to us derived from antiquity. It appears to have been used in the Roman government to designate a person who had the freedom of the city, and the right to exercise all political and civil privileges of the government. There was also, at Rome, a partial citizenship, including civil but not political rights. Complete citizenship embraced both. Adams' Roman Antiquities, pp. 44, 60, *et seq.;* 2 Kent's Com. p. 76, note; Gilles' Greece, 163; Smith's Thucydides, vol. 1, p. 2, note.

Returning, then, from this digression, we may inquire, what are the conditions imposed, and privileges conferred, by the liquor act in question? Substantially, they are that the licensee must be an *inhabitant*, not citizen (if the words are not used synonymously); must be of the male sex; must be white; must be twenty-one years of age; must be of good moral character; must pay fifty dollars; give bond, &c. Acts of 1859, p. 202. Now, all persons, upon filling these conditions, these " same terms," can obtain license. *Drapert* v. *The State*, 14 Ind. 123. The law does not seem to conflict with the provisions of the Constitution cited. See, *The Bank* v. *The City of New Albany*, 11 Ind. 141. *Holden* v. *James*, 11 Mass. R. 396; Walk. Amer. Law, pp. 186, 187 and note.

3. It is claimed that the fee for license, fifty dollars, is a tax upon a particular pursuit, and as such is prohibited by § 1 of art. 10 of our Constitution, providing for a uniform rate of taxation. But it has been decided that that section relates to the general levy alone. *The Bank* v. *The City of New Albany*, *supra;* *Anderson* v. *The Kerns Draining Co.*, 14 Ind. 199. See, as to unlimited taxing power, Ind. Dig., § 16, p. 761. The license upon retailing is an excise. 1 Story on the Const., p. 670.

An excise is an indirect tax; but, in this case, taxation was not the object of imposing it, and the Legislature was not bound to appropriate its proceeds to any object for which the State is forbidden to raise money by local or special taxation. It was imposed in the exercise of the rightful police power of

the State, and is an incident of a legitimate police regulation. Hence, it is not within the prohibition of the 22d section of the 4th article of the Constitution, prohibiting local and special taxation for State purposes. See 7 How. 283; 2 Story on the Constitution, p. 10 *et seq.*

4. It is urged that § 11 of the liquor law in question, prohibiting the sale or giving away to minors, is not within the title of the act. That it is within it has already been decided. *The State* v. *Adamson*, 14 Ind. 296. But the defendant may show reasonable ground of belief that the minor was an adult. *The State* v. *Kalb*, 14 Ind. 403.

5. It is denied that § 14 of the act, giving jurisdiction of the offenses created by it to the grand jury, is valid.

This point we regard as already settled by *Reed* v. *The State*, 12 Ind. 641. It is there held that certain felonies may be prosecuted in the Circuit or Common Pleas Court, and that if prosecuted in the former, they must be so upon indictment; if in the latter, upon information. It is decided, in short, that the doctrine of uniformity in the mode of prosecution does not apply to the crime itself, but to the particular Court in which the prosecution is made. All criminal prosetions, carried on in a given Court, must be by a uniform mode; but it is in the discretion of the Legislature, when no constitutional regulations interpose, to prescribe the Court, or Courts, in which any or all crimes shall be prosecuted. This results from the fact, that the new Constitution has authorized the Legislature to adopt such new modes for the initiation of prosecutions of all crimes, as its wisdom should deem expedient, within, of course, the general restrictions of the Constitution. Art. 7, § 17.

But it is argued, not without much plausibility, that 2 R. S., § 14, p. 388, conferring jurisdiction of felonies upon grand juries only, and thereby upon Circuit Courts, is not repealed by the provisions of the liquor law of 1859, extending the jurisdiction of those bodies to certain misdemeanors.

Sec. 8 art. 7 of the State Constitution ordains that Circuit Courts "Shall have such civil and criminal jurisdiction as may be prescribed by law."

In *Indiana*, then, the mere creation of a Court does not

confer any jurisdiction; and jurisdiction is granted, not simply restrained, by statute. This shows that the word "only," in the statute conferring jurisdiction, was without meaning. The grant was of jurisdiction over felonies, and as the tribunal has such jurisdiction only "as is conferred by law," it took no more, even in the absence of the restrictive term.

The case, then, stands thus: The statute of 1852 gave jurisdiction of felonies. That jurisdiction remains. The statute of 1859 confers jurisdiction of misdemeanors. This does not conflict or interfere with the jurisdiction previously granted. The statutes stand together. But, even suppose they conflict, or that one, by implication, repeals the other, such repeal is not within any constitutional prohibition, and need not be specially embraced in the title of the act. *Spencer* v. *The State*, 5 Ind. 41.

6. It is claimed that the act inflicts no penalty for selling on *Sunday*, and that, hence, convictions for sales upon that day are unauthorized. It was so held under the act of 1853, Ind. Dig, § 170, p. 379; and it is claimed that the collocations of the sections in that act and in the act of 1859 are alike, as to this point, and the language of both similar. That it is competent for the Legislature, should it deem it policy thus to act, to prohibit, as a police regulation, under penalties, the sale of liquor by retail on *Sunday*, as well as upon election and other public days on which increased danger of drunkenness and rioting and public disturbance exists, we do not doubt; but, at present, if it be true that the acts of 1853 and 1859 are alike, such sale can only be punished, if at all, under the law for compelling observance of the Sabbath. It has been held, by this Court, that that law was valid, Ind. Dig. 753; but the writer of this opinion, speaking on this point for himself alone, wishes to say that further reflection has led him to doubt the power of the Legislature of *Indiana*, under our present Constitution, to enact such a statute.

When our existing government was created, its creators determined that there were some matters in which the majority should not control the minority; that there were some things over which the Legislature should not have authority; that in some things the people should not be within the

power of the Legislature. Such is our organization of government—our Constitution. One of the subjects withdrawn by that Constitution, in the Bill of Rights, from legislative interference, is that of religion; and the writer has no hesitation in saying, highly as he individually values the Sabbath, that if the *Sunday* law is upon the statute book for the protection or enforcement of the observance of that day, as an institution of the Christian religion, it can not be upheld; no more than could a law forbidding labor on *Saturday*, the Jewish Sabbath, or on any and all other days of the week, which may be, in fulfillment of a requirement of a creed, set apart for religious observance, by any portion of our citizens, whether Christian, Jewish, Mahommedan, or Pagan. It is not, of course, meant here to trench upon the laws to protect meetings of those desiring to worship from disturbance, on all days. Can the *Sunday* law be maintained as a mere police regulation, without reference to an institution of religion? Could the Legislature enact a law that no man should labor on New Year's day? See Lewis' U. S. Crim. Law, p. 421; *Hiller* v. *English*, 4 Strobh. L. R. 486; *Ex parte Newman*, 9 Cal. 502; *The City of Canton* v. *Nist*, 9 Ohio S. R. 439; and *Richardson* v. *Goddard*, 23 How. 41. The Legislature enacts a law that no man shall compel his children, apprentices, and employees to labor more than ten hours a day, and it may be well. Such a law may be a reasonable regulation of labor, to protect the weak from the oppression of the strong; but has the Legislature ever attempted to enact a law, that the father or employer should not himself labor more than ten hours a day, if he preferred to do so?

So, perhaps, the Legislature, on the same principle, might enact a law that no man should compel those under him to labor more than six days in a week; that he should allow one-seventh of the days for rest; but could it enact that no individual should labor for himself but six-sevenths of the days? We express no fixed opinion on the point here, as the case does not require it. Does it not involve the patriarchal theory of government?

We are satisfied, by a comparison, that the collocations of

the sections in the two acts are different; and that that of the sections in the act of 1859 was intentionally adopted to avoid the particular objection which was held valid as against the act of 1853. In that act, there was a prohibition to sell without license; then a penalty enacted for such selling; then an exception that the license should not extend to *Sunday;* thus extending the prohibition to that day. The Court held that the penalty applied to preceding and not subsequent sections, and hence, did not apply to sales in violation of the exception. In the act of 1859, the exception precedes the penal section, so that the penalty, in extending to all preceding sections, applies to a sale on *Sunday*, to which day the license does not extend.

7. The objection is made, that the law violates those provisions of the Constitution requiring uniformity of operation in the statutes, and that they shall take effect only by authority of the Legislature and Executive. Art. 1, § 25, and Art. 4, § 22. We do not think the act in question obnoxious to these objections. Every citizen may obtain license. See *Drapert* v. *The State, supra; Ex parte Dunn, id.* 122.

8. It is urged that the act embraces more than one subject; that it embraces provisions of civil and criminal law. *The Indiana Central Railway* v. *Potts*, 7 Ind. 681, is cited. That case, in its reasoning, rather than in its facts, favors the proposition assumed by counsel. But while we are still of the opinion that it would contribute to the certainty, simplicity, and popular knowledge of our statutory law, and accord with a purpose of the Constitution, could the reasoning of that case be conformed to in legislation, we are also satisfied that the Courts can not bring our legislation to such a test. They can only ask, does the title of the act which may be brought in question, embrace but a single subject; and are the provisions of the act upon that subject, or upon matters properly connected with it? We are further satisfied we can not say, simply because the sections found in the act may be some of them civil and some of them penal in their character, that they are upon two subjects. It must be admitted, that the Legislature may seek to enforce obedience to requirements in mere civil provisions of an act, by adding penal

Nov. Term, 1860.

sections to the act. Conforming then in this, to decisions we have already made in other cases, we must say that the provisions of the liquor law of 1859 are embraced by the title of said act, or are properly connected with its subject matter.

9. It is, lastly, insisted that the law is an unwarrantable interference with individual right; but we think it falls within legislative powers conceded in *Beebe* v. *The State*, 6 Ind. 501; in *The Madison and Indianapolis Railroad Co.* v. *Whiteneck*, 8 Ind. 217; and in *Herman* v. *The State*, 8 Ind. 545.

We think the law can not be regarded as an unreasonable regulation of the liquor traffic.

*Per Curiam.*—The judgment below is affirmed, with costs.

*Horace Heffren*, for appellant.

*H. L. McRea*, for the State.