## THE STATE v. THOMASSON.

The temperance law of 1859 prescribes no penalty against the sale of intoxicating liquor, in quantities of one quart or more, on Sunday.

An indictment for unlawfully selling liquor without license, should charge that the liquor sold was intoxicating.

APPEAL from the *Warren* Circuit Court.

HANNA, J.—Indictment for retailing quashed. *The State* appeals. The question is upon the sufficiency of the indict-

ment. It is charged that the defendant, on, etc., at, etc., " did then and there unlawfully sell intoxicating liquors to one, etc, to-wit: one quart of whisky, for the sum of fifteen cents, the said 11th day of, etc., being Sunday, commonly called the Sabbath day."

The eighth section of the Act of 1859, is, that "A license, granted under the provisions of this act, shall not authorize the person so licensed to sell or barter any intoxicating liquors on Sunday, nor to a minor, nor to a person intoxicated." As to the two last-named classes, there is afterward an express penalty fixed for offending; as to the former, there is not; but it has been decided, that the general penalty for selling less than a quart, without a license, (sec. 10,) attaches to such sales on Sunday. *Thomasson* v. *The State*, 15 Ind. 455. The prohibition, in the first section, is against selling less than a quart, without a license; in the eighth section, it is provided, that the license to retail shall not authorize the selling any quantity on Sunday, although licensed; but, as before stated, there is annexed no special penalty to that section. This prosecution is for selling a quart of whisky. This indictment would be bad, if the selling had been charged to have been on Saturday; is it good, charging it to have been done on Sunday? We are of opinion that it is not. As before said, there is no penalty for a violation of that special part of the statute providing that the license shall not confer authority to sell *any* liquor on Sunday. The license only gives the privilege of selling less than a quart, on any day, and not that, on Sunday. Other statutes regulate the proceedings for violations of that day.

*Per Curiam.*—The judgment is affirmed.

*R. W. Harrison*, Prosecuting Attorney, and *T. J. Cason*, for the State.

*H. M. Nourse, J. H. Brown*, and *James Park*, for the appellee.