CRAFT, Treasurer, &c., and Another *v.* TUTTLE.

NATIONAL BANK SHARES.—MUNICIPAL TAXES.—Under the general law for the incorporation of cities, no tax can be imposed for municipal purposes upon the shares of the Bank of the State, and as the act of Congress forbids any discrimination against the shares of National Banks, the latter cannot be taxed for municipal purposes.

APPEAL from the *Marion* Common Pleas.

FRAZER, J.—This case presents only a single question. It is whether a stockholder in a national bank can be taxed by the city of *Indianapolis* for municipal purposes upon his shares of stock. The general doctrine relating to the subject of taxation upon shares in that class of banks was considered in *Wright* v. *Stilz, post,* p. 338, and need not now be repeated. The fifteenth section of the charter of the Bank of the State of *Indiana* is as follows:

"The capital stock of said bank shall be subject to the same rate of taxation for state and county purposes as the property or stock of other monied corporations; and the real estate and other property of said bank and branches, situated in any city or town, shall be taxable for municipal purposes in the same manner as other property so situated, but the capital stock of said bank or branches shall not be taxable for municipal purposes."

This language is not very perspicuous. A distinction is made between the "real estate and other property of the bank," and its "capital stock," the former being, and the latter not being, taxable for municipal purposes. What is the capital stock alluded to? In *Connersville* v. *The Bank of The State,* 16 Ind. 105, it was said that "the capital stock consists originally of the money paid in by the subscribers to the stock of the bank. This changes its form, and is represented by notes of other persons or corporations, but is still capital stock, so far as to be exempted from taxation." If this be a correct definition of the words "capital stock,"

as used in the section, then the section contradicts itself, for surely its real estate and other property, purchased with money derived from stockholders upon their subscriptions, is but a change of the form of the capital. An investment of it represents the capital so employed, as a note held by the bank represents the money used in discounting it. But the real estate is subject to municipal taxation, though the capital stock is not, and in the case cited it was held that the notes were not, because they were substantially capital stock.

In *The Bank of The State* v. *New Albany*, 11 Ind. 139, it was held that the exemption of the capital stock of the bank from municipal taxation was not in conflict with the State constitution. In *King* v. *Madison*, 17 Ind. 48, it was held that the section of the charter already set out is a decisive prohibition against any imposition of municipal taxes, either upon an individual stockholder for his shares, or upon the bank for its capital. If these decisions shall now be adhered to, and if the city of *Indianapolis* has no authority of law to tax shareholders upon their shares of stock in banks organized under the laws of this State, it will follow that the judgment below, which was against the city, must be affirmed. There are two questions, then, a negative answer to either of which is decisive against the appellant. 1. Is the exemption from municipal taxation contained in the bank charter inconsistent with article 10, section 1, of the state constitution? 2. Does the general law for the incorporation of cities authorize them to tax shareholders upon their shares in our own banks?

The first of these is a question of much gravity, as such a question should always be deemed by this court. We are without the benefit of full argument upon it, and the single consultation we have had in relation thereto has not enabled the judges sitting in the cause to reach a united conclusion. The subject, it is probable, from the reasoning contained in the opinion reported in *The Bank* v. *New Albany*, *supra*, was not very thoroughly considered in that case. We prefer, therefore, to express no opinion upon the question at pres-

ent, inasmuch as the case before us can as well be disposed of upon the other point.

The forty-first section of the act for the incorporation of cities, as amended in 1865, (Acts Spec. Sess., p. 22,) gives no authority to tax stockholders in the Bank of the State upon their shares. It proceeds evidently upon the supposition that such shares could not be taxed by cities. In *Wright, Auditor, &c.,* v. *Stilz, supra,* we held that under existing laws no tax for state and county purposes could be levied against shareholders in banks for their shares. If the shares of the Bank of the State are not taxable, under existing laws, by the city for municipal purposes, the shares of national banks cannot be taxed by the city for those purposes. The act of Congress organizing national banks expressly prohibits such unfavorable discrimination.

The judgment is affirmed with costs.

ELLIOTT, J., did not sit in this case.

*B. K. Elliott* and *J. B. Black,* for appellants.

*T. A. Hendricks, O. B. Hord, A. W. Hendricks, A. G. Porter, B. Harrison* and *W. P. Fishback,* for appellee.