Root *v.* Erdelmeyer, Treasurer, *et al.*

---

ROOT *v.* ERDELMEYER, TREASURER, ET AL.

TAX.—*Municipal Purposes.*—*National Banks.*—A tax on the capital stock of a national bank, for school purposes, or for a donation by a township to aid in building a railroad, is not a tax levied for municipal purposes, within the meaning of the ninth section of the act of March 15th, 1867, 3 Ind. Stat. 34.

APPEAL from the Marion Superior Court.

WORDEN, C. J.—Deloss Root, suing for himself as well as all others interested in the question, filed his complaint against the appellees, to restrain the collection of three items of taxes assessed against shares of the capital stock of the First National Bank of Indianapolis, viz.: first, a tax of twenty-five cents on the hundred dollars, levied by the school trustees of the city of Indianapolis, for school-house purposes in said city; second, a tax of one cent on the hundred dollars, levied for Center township; third, a tax of twenty cents on the hundred dollars, levied by the commissioners of Marion county, on the property of Center township, to aid, by way of donation, the Illinois Central Railway Company.

A demurrer was sustained to the complaint in the court below, at the special term, which ruling was sustained on appeal to the general term.

The plaintiff below seeks a reversal of the judgment rendered against him on demurrer.

In respect to the item of taxes to aid the railway company, it may be observed that in the case of *John v. The*

*Cin., etc., R. R. Co.* 35 Ind. 539, this court decided that a township might aid, by way of subscription to the stock of a railroad company, as well as a county. And in the opinion of a majority of the court, a donation and subscription stand upon essentially the same ground. They are both provided for by law and must stand or fall together.

These observations bring us to the main and only other objection to the taxes in question, which is that they are assessed for "municipal purposes," in violation of section 9 of the act of March 15th, 1867, 3 Ind. Stat. 34, which provides as follows, viz.:

"Nothing in this, or any other act, shall be so construed as to authorize the taxation of stock in the bank of the State of Indiana, or in any national bank, for municipal purposes."

By the statute above cited, provision is made for taxing the shares of capital stock "in any bank or banking association, chartered or organized under the laws of this State, or chartered or organized under the laws of the United States, and having its banking house, or place of business, in this State."

The question arises, what is meant by the words "municipal purposes," as used in the section above quoted?

The appellant contends that the words were used in the broad sense that would embrace taxation for county and township purposes, as counties and townships are municipalities. But in this broad sense, a municipality embraces the State itself. This broad construction of the words would defeat the entire law, inasmuch as the State is as much a municipality as a county or township. Webster says, "Municipal, as used by the Romans, originally designated that which pertained to a *municipium*, a free city or town. It still retains this limited sense, but we have extended it to what belongs to a state or nation as a distinct, independent body. Municipal law or regulation respects solely the citizens of a state, and is thus distinguished from commercial law, political law, and the law of nations."

We are of opinion that the word "municipal," as used in the above statute, was used in its original restricted sense,

Root *v.* Erdelmeyer, Treasurer, *et al.*

having reference to the incorporated cities and towns in the State having authority to levy and collect taxes, and that the restriction extends only to taxes for such city or town purposes. This construction is adopted from several considerations; first, if an enlarged meaning is to be given the word "municipal," so as to embrace counties and townships, no very good reason occurs to us why it should not embrace the State, which would defeat the law itself, or the section above set out would be nugatory; second, laws exempting property from taxation are to be strictly construed; *The Common Council of Indianapolis* v. *McLean*, 8 Ind. 328; third, the history of legislation on this subject places the construction we have adopted beyond reasonable question.

The charter of the Bank of the State of Indiana contains the following section:

"Sec. 15. The capital stock of said bank shall be subject to the same rate of taxation for state and county purposes as the property or stock of other moneyed corporations; and the real estate and other property of said bank and branches, situated in any city or town, shall be taxable for municipal purposes, in the same manner as other property so situated, but the capital stock of said bank or branches shall not be taxable for municipal purposes." 1 G. & H. 142. In this section it is too clear to admit of controversy, that towns and cities are the municipalities contemplated, and that the prohibition to tax for municipal purposes is a prohibition only to tax for town or city purposes.

This prohibition was held valid in the case of *The Bank* v. *The City of New Albany*, 11 Ind. 139. In the case cited, there is no intimation that the prohibition extended beyond cities and towns.

If there is any such provision in the general banking law of the State, it has escaped our notice.

Then came the national banks. An act of congress permits the shares in the capital stock of the national banks to be taxed by the States; provided, "that the tax so imposed under the laws of any state, upon the shares of any of the

Root *v.* Erdelmeyer, Treasurer, *et al.*

associations authorized by this act, shall not exceed the rate imposed upon the shares in any of the banks organized under authority of the State where such association is located." See *Wright, Auditor, etc.,* v. *Stilz,* 27 Ind. 338.

Now, in the act of March 15th, 1867, it is apparent that the legislature intended to put the bank of the State and the national banks, in respect to taxation upon their shares of stock, upon an equality, and that they used the term "municipal purposes" therein in the same sense in which it was used in the act providing for the establishment of the bank of the State.

The township tax, and the tax levied by the board of commissioners for railroad purposes, are in no sense levied for municipal purposes within the meaning of the law in question. The same is also true with respect to the tax levied by the school trustees of the city for school-house purposes. These taxes for school-houses are not levied for any purposes of cities as such, but for a state purpose in the fullest sense of the term. They are levied to carry out the system of common school education provided for by the State, and by virtue of the laws of the State. To be sure, "each civil township and each incorporated town or city in the several counties of the State is hereby declared a distinct municipal corporation for school purposes." 3 Ind. Stat. 441, sec. 4. Thus each civil township in the State, as well as each incorporated city and town, is made an instrumentality by means of which the educational purposes of the State are carried out. But when taxes are assessed by means of these instrumentalities, for building school-houses, they are assessed for school or educational purposes, and not for municipal purposes.

We are of opinion that no error was committed by the court below.

The judgment below is affirmed, with costs.

*S. E. Perkins, F. J. Mattler,* and *S. E. Perkins, Jr.,* for appellant.

*L. Barbour* and *C. P. Jacobs,* for appellees: