--------o--------

## HAMILTON ET AL. *v.* THE CITY OF FORT WAYNE ET AL.

CITY.—*Act of Incorporation.—Tax.—Farming Land.*—The fifty-eighth section of the act for the incorporation of cities, 3 Ind. Stat. 91, should be interpreted as though it read, " The common council shall have power to levy and cause to be assessed and collected in each year an *ad valorem* tax   *   *   * on all property subject to state and county taxation, within such city, except farming land in tracts exceeding five acres in one body."

SAME.—*Constitution.*—Section one, article ten, of the constitution of this State, does not apply to municipal taxation.

APPEAL from the Allen Circuit Court.

OSBORN, J.—The appellants filed their complaint in the Allen Circuit Court against the city of Fort Wayne and its treasurer, and prayed for an injunction restraining the appellees from collecting taxes assessed by the city upon lands mentioned in the complaint. The appellees demurred to the

complaint, which was sustained; the appellants excepted, and final judgment was rendered against them on the demurrer.

The ruling of the court upon the demurrer is the error assigned.

It is unnecessary to state the allegations of the complaint. They are sufficient to present the question sought to be involved in the action. Does the fifty-eighth section of the act for the incorporation of cities (3 Ind. Stat. 91) authorize a city to levy and collect taxes for general city purposes upon a tract of farming land containing more than five acres?

That section provides, that "the common council shall have power to levy and cause to be assessed and collected in each year, an *ad valorem* tax * * * for general purposes on all property subject to state and county taxation, within such city, * * * provided that no more than five acres of farming land shall be subject to taxation within such city."

Article 10, section 1, of the constitution of this State provides, that "the general assembly shall provide by law for a uniform and equal rate of assessment and taxation; and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal, excepting such only for municipal, educational, literary, scientific, religious or charitable purposes, as may be specially exempted by law."

The action of the court is sought to be maintained on the ground that the proviso is in violation of the section of the constitution quoted. It is insisted that the section of the statute above set out confers the power upon the city to tax all the property subject to state and county taxation within its territorial limits, and that the proviso being void, the land in the complaint, although it may be farming land and in tracts of more than five acres each, is, nevertheless, subject to city taxation.

This question was before this court in 1858, and it was held that that section of the constitution did not apply to

municipal taxation. *The Bank* v. *The City of New Albany*, 11 Ind. 139; again in 1861, *King* v. *The City of Madison*, 17 Ind. 48. It was there held that the section in the bank charter exempting the capital stock of the bank from municipal taxation was valid. This court has also, in other cases, held that stock in national banks was not liable to municipal taxation, because stock in the bank of the State was exempt, the act of Congress only authorizing the State to authorize the levy of a tax upon the stock at a rate not greater than is assessed upon the stock in any of the banks organized under authority of the state where the national bank is located. *Craft* v. *Tuttle*, 27 Ind. 332. In *Blain* v. *Bailey*, 25 Ind. 165, a provision similar to the proviso in question was sustained, and the land was held to be exempt from city taxation.

It is claimed, however, that *Bright* v. *McCullough*, 27 Ind. 223, establishes a different rule, and overrules the cases above referred to. We think otherwise. The question, and the only one, decided in that case was, that the legislature could not authorize the levy of a specific road tax of a cent and a quarter per acre upon lands. Judge ELLIOTT referred to the case in 11 Ind., *supra*, and some others, and said that there was nothing in them decisive of the question, nor anything having a material bearing upon it, excepting the intimation that section 1, article 10, of the constitution did not relate to county and township taxes. And Judge FRAZER, in the case of *Craft* v. *Tuttle*, *supra*, said that the judges had not reached a united conclusion on the subject.

Counsel for the appellee has cited decisions of the Supreme Court of Ohio and Wisconsin, and claims that those courts have held that a similar provision in their constitutions related to city taxation. We have read all of those decisions; and, whilst we entertain a high respect for the courts of those states, we are not willing to adopt their decisions and overrule our own. We have an unbroken line of decisions on the subject, beginning in 1858, and we are not disposed to disturb it.

Another question may arise on the trial of the cause in the court below, and we think it is before us now. It is the construction and effect of the proviso. Its language is, "and provided that no more than five acres of farming land shall be subject to taxation within such city."

If taken literally, it means that no more than five acres of farming land can be taxed, whether it is one or many tracts. Clearly that is not its true meaning. Another construction would make it mean that if one tract contained more than five acres, all over five would be exempt, and five acres would be subject to taxation. And that, at first, seems quite plausible. But after a pretty careful consideration, we find practical difficulties, which satisfy us that it is not the true one. There is no authority given to any officer or person to select or determine the five acres to be taxed. It cannot be determined legally in what part of the whole tract the five acres shall be; and no valid sale could be made to enforce the collection of a tax thereon in case of delinquency.

Another construction is, that if the tract contains more than five acres, the whole shall be exempt; and that we think is the true one. We think the section is to be construed as if it read, "The common council shall have power to levy, and cause to be assessed and collected in each year, an *ad valorem* tax　*　*　*　on all property subject to state and county taxation within such city, except farming land in tracts exceeding five acres in one body." If such had been the language of the section, we apprehend no one would contend, seriously, that the land in the complaint was subject to be taxed by the city. To hold it liable, would be to maintain that whenever the legislature subjects one piece of property to taxation, it necessarily includes all other property which might be made liable. It may be, as contended by the appellee, that the true theory of taxation is, that each one shall contribute in proportion to the protection he and his property may receive from the government; still, if the legislature shall fail to carry it out, it is difficult for us to see how the courts can supply the omission. If the legislature

. has failed to authorize cities to tax certain property within their territorial limits, the courts cannot confer it.

The judgment of the Allen Circuit Court is reversed, with costs; and the cause is remanded to said court, with directions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

DOWNEY, J., did not participate in the decision of this case.

*J. Morris* and *W. H. Withers,* for appellants.

*A. Zollers,* for appellees.