## SOHN *v.* THE STATE.

Where a record in a criminal case fails to show any arraignment of the defendant, but does show that he appeared, moved to quash the indictment, and then pleaded not guilty, and submitted the cause by consent to the Court for trial, there is no error, as he had the full benefit of an arraignment.

It is error to convict of an offence when there is no evidence that the offence was committed in the county.

It is error to commit a defendant in a prosecution for a misdemeanor for failure to pay or replevy the costs.

APPEAL from the *Grant* Circuit Court.

PERKINS, J.—Indictment against *Sohn* for selling intoxicating liquors, to-wit: one gill of ale, without license. The indictment, in the description of the liquor sold, was sufficient. The indictment is of record, and the record states that it was duly filed, &c.

The record does not expressly state that the defendant was arraigned; but it states that he appeared, moved, by his counsel, to quash the indictment, and, on that motion being overruled, he pleaded not guilty, submitted his cause for trial to to the Court; moved for a new trial, and in arrest, &c.

We think what appears of record shows that the defendant had all the benefit of an arraignment. See *Harmon* v. *The State*, 11 Ind. 311.

The evidence is of record. There is no word in it tending to show that the sale was in the county of *Grant*, nor where it was.

The Court committed the defendant till the costs were paid or replevied. This was error.

For the purpose of facilitating correct practice in the prosecution of liquor cases, we give a summary of the statutes:

If a man sells less than a quart without license on any day, he is punishable under the temperance law.

If he sells any quantity to an intoxicated person, a minor, or to be drunk about his house, &c., he is punishable under the temperance law.

If he sells to any person at the time sober, after having been duly notified that such person is an habitual drunkard, he is punishable under the temperance law.   1 G. H. p. 614.

If he sells on *Sunday* over a quart, to be taken away from his premises, and it is not for medicine, &c., and it is not in the usual avocation of the seller, he is punishable by a justice of the peace.   2 G. & H. p. 645.

If he sell any quantity in his usual avocation on *Sunday*, and it is not for charity, &c., he may be punished under the general *Sunday* law, and if the quantity sold be less than a quart, in such case he may also, as we have seen, be punished under the temperance law.   2 G. & H. p. 481.

*Per Curiam.*—The judgment is reversed, with costs.   Cause remanded.

*N. W. Gordon* and *H. D. Thompson,* for the appellant.