Hingle *v.* The State.

*J. W. Gordon,* for appellant.

━━━━━●━━━━━

## HINGLE *v.* THE STATE.

CONSTITUTION — LIQUOR LAW. — Section 14 of the Liquor Law of 1859, (1 G. & H. 614) which confers jurisdiction on the grand jury and circuit court for the trial of offenses arising under that law, is not within the prohibition of the constitution against special legislation, and is properly connected with the subject matter of the act, and embraced within its title.

SALES ON SUNDAY. — The act does not provide any penalty for sales of liquor made on *Sunday,* by a person having a license to sell, and hence, though the license does not extend to sales made on that day, no prosecution will lie for such sales.

APPEAL from the *Marion* Circuit Court.

ELLIOTT, J. — Indictment for retailing intoxicating liquor on *Sunday.*

The indictment charges "that *John Hingle,* on the 21st day of *February,* 1864, at the County of Marion, &c., which said 21st day of *February* was *Sunday,* did unlawfully sell one gill of intoxicating liquor to one *Oliver J. Wallace,* for the price of five cents." There is no averment that the defendant was not licensed, according to the provisions of the act, to sell, &c. A motion to quash the indictment was made and overruled, to which the defendant excepted.

Plea, not guilty. A jury being waived, the issue was tried by the court, who found the defendant guilty, and assessed his fine at fifteen dollars. Motion for a new trial overruled. The defendant then moved the court in arrest of judgment, which motion was also overruled, and properly excepted to. Judgment on the finding.

Two questions are urged for the reversal of the finding and judgment of the court below. They are :

" 1st. The circuit court had no jurisdiction of the offense charged in the indictment."

" 2d. The indictment charges no criminal offense against the defendant below, of which the grand jury that found it had the right to take cognizance."

The argument in favor of the *first* proposition is, that the 14th section of the act of 1859, " to regulate and license the sale of spirituous, vinous, malt and other intoxicating liquors," &c., (see 1 G. & II. 614,) conferring jurisdiction on the grand jury and the circuit court, in cases arising under the provisions of the act, is unconstitutional and void. *First*, because that section is a *special law*, and therefore obnoxious to the 22d section of the 4th article of the constitution of the state. And, *second*, that said section 14 is not embraced in the subject of the act, nor properly connected therewith, and is, therefore, in violation of the 19th section of the 4th article of the constitution.

The *first* reason urged in argument has been deliberately considered and passed upon by this court in the case of *Hingle* v. *The State*, at this term, (*ante*, p. 28,) in which it is held that the section of the statute referred to is not a " *special law*," within the meaning of the 22d section of the 4th article of the constitution. We also held, in the same case, and also in the case of *Reams* v. *The State*, 23 Ind., 111, " that the 14th section of the act under consideration is properly connected with the subject matter of the act, and does properly confer jurisdiction on the grand jury and circuit court," to which rulings we adhere. As to the latter question, see also *Robinson* v. *Skipworth*, 23 Ind. 311.

2. The remaining question to be considered is, Does the indictment charge a criminal offense against the defendant of which the grand jury or Circuit Court had the right to take cognizance?

It is insisted by the defendant's counsel, in an able argument, that, although the statute of 1859, before referred to, does not authorize a person licensed under its provisions to sell intoxicating liquors on *Sunday*, no penalty is imposed thereby for such sales, on persons so licensed. The question is not a new one in this court. It has been twice passed upon and ruled differently. In the case of *Thomasson* v. *The State*, 15 Ind. 449, the defendant was indicted for retailing without license. PERKINS, J., in deciding the case, took occasion to review many of the provisions of the act. The question presented here did not properly arise in that case, but it was nevertheless discussed and passed upon. The reason given for so doing, is that questions almost without number were raised and ably discussed; some of which did not legitimately arise in that case, but did in others then pending before the court, and all of which would have to be sooner or later decided. The court, in that case, held that as by the exception contained in the 8th section of the act, the license did not extend to, or authorize the sale of intoxicating liquors on *Sunday*, the 10th section imposed a penalty for selling on that day, as well against those licensed, as those not licensed, under the law. This ruling was but an *obiter dictum*, but it was evidently intended as the mature opinion of the court, and was so regarded and acted upon by the lower courts, and under it the indictment and conviction were had in the present case. The opinion, thus expressed, in *Thomasson* v. *The State*, was afterward affirmed by the court in the case of *Sohn* v. *The State*, 18 Ind. 389, by PERKINS, J., and in *The State* v. *Thomasson*, 19 Ind. 99, by HANNA, J. But these cases were all overruled in the more recent one of *Hingle* v. *The State*, 22 Ind. 462, in which it is said, "There is no

penalty in the act, upon a person being licensed according to the act, for selling on *Sunday.*"

The question has not before been presented to the present judges of this court, and as the previous rulings upon it have not been uniform, we have deemed it proper to give to the statute a careful examination.

Sections 3, 4, 5, 6 and 7, of the act, authorize the granting of license to retail intoxicating liquors, and prescribe the mode of procuring the same.

The 8th section is as follows : "A license granted under the provisions of this act shall not authorize the person so licensed to sell or barter any intoxicating liquors on Sunday, nor to any person under the age of twenty-one years, nor to a person or persons in a state of intoxication, nor upon the day of any state, county, township, or municipal election, in the township or city where the same may be holden."

Sections 9, 10 and 11, prescribe the penalties for violations of the provisions of the act, and if any penalty is provided for selling intoxicating liquors on Sunday, it must be found in one of these sections.

Section 9 enacts a penalty against any person who shall knowingly sell, &c., any intoxicating liquor to any person who is in the habit of being intoxicated, after notice of such habit. No other offense is created, or penalty provided, by that section.

"Sec. 11. If any person shall sell, barter or give away, any intoxicating liquor to any person under the age of twenty-one years, or to any person at the time in a state of intoxication, the person so offending shall be fined not less than five, nor more than one hundred dollars," &c. It is evident that no penalty for selling on Sunday is provided in this section; and if it exists at all, it must be found in section 10, which is as follows: "Any person not being licensed according to the provisions of this act, who shall sell or barter, directly or indirectly, any intoxicating liquor in a less quantity than a quart at a time, or who shall sell or

barter any intoxicating liquor to be drank, or suffered to be drank in his house, out-house, yard, garden, or the appurtenances thereto belonging, shall be fined," &c.   In the case of *Thomasson* v. *The State,* and the other cases in accordance therewith, *supra,* it was held that this section imposed a penalty for selling at retail on Sunday, against persons licensed according to the provisions of the act.

It is not claimed by counsel that the license authorized appellant to sell on Sunday, as under section 8, the license does not cover sales made on that day; but it is insisted that section 10 does not impose a penalty on persons *licensed* according to the provisions of the act, for such sales on Sunday; and we think the position is sustained by a fair construction of that section.

This view is supported by reference to the *first* section of the same act, which provides, "That no person shall sell or barter, directly or indirectly, any intoxicating liquor by a less quantity than a quart at a time, within this state, without first procuring from the board of commissioners of the county in which such liquor or liquors are to be sold, a license as hereinafter provided; nor shall any person, without first having procured such license, sell or barter any intoxicating liquor to be drank, or suffered to be drank in his house, out-house, yard, garden, or the appurtenances thereto belonging."   Passing thence to the 10th section, and comparing its phraseology with the *first,* it seems clear to our minds that the penalty imposed by it has reference only to the sales, &c., inhibited by the *first* section.   A comparative analysis of the two sections will serve to illustrate the position.

Sec. 1. "No person shall sell," &c., "any intoxicating liquor by a less quantity than a quart at a time, without having first procured a license," &c.

Sec. 10. "Any person, not being licensed according to the provisions of this act, who shall sell," &c., "any intoxicating liquor in a less quantity than a quart at a time, shall be fined," &c.

Sec. 1. "No person, without having first procured such license, shall sell," &c,, "any intoxicating liquor to be drank, or suffered to be drank, in his house," &c.

Sec. 10. "Any person, not being licensed," &c., "who shall sell or barter any intoxicating liquor, to be drank, or suffered to be drank, in his house," &c., "shall be fined," &c.

Two classes of vendors of intoxicating liquors are contemplated by the act, the one licensed, and the other not licensed, and the penalty provided in the 10th section is against those of the class *not* licensed, and hence the language used therein, "Any person *not being licensed* according to the provisions of this act," &c.

Again, if the penalty provided in the 10th section extends to sales on Sunday by persons licensed, it also, equally, covers sales made by that class of persons to minors, and persons in a state of intoxication. But section 11th expressly enacts a penalty in the latter cases, which would seem to show that the legislature did not intend that the penalty in section 10 should apply to any of the cases enumerated in section 8, as forming exceptions to the operation of a license. In looking to the various provisions of the act, a penalty against selling on Sunday might be naturally looked for in connection with the 11th section, but, if so intended, it was omitted by the draftsman.

The indictment in the case before us did not contain the averment that the defendant was not licensed according to the provisions of the act, and under the view we have taken of the statute it was, for that reason, bad, and the motion to quash should have been sustained. And, as it was admitted on the trial that the defendant at the time of the sale charged in the indictment was regularly licensed, under the provisions of the law, the finding in the case should have been for the defendants.

The judgment is reversed, and the cause remanded, with instructions, to the Circuit Court to quash the indictment.

*J. W. Gordon,* for the appellant.