PARKER *v.* THE STATE.

LIQUOR LICENSE.—SALES ON SUNDAY.—Before the passage of the act of *December* 19, 1865, the law provided no penalty for sales of liquor made on *Sunday*, by a person having a license to sell, though the license did not extend to that day.

SAME.—Nor can a prosecution be maintained under the act referred to for a sale made before it went into force.

APPEAL from the *Pike* Circuit Court.

GREGORY, J.—The appellant was indicted in the court below for retailing intoxicating liquor, in a less quantity than a quart, without license. Plea, "not guilty." A trial by the court resulted in a finding of guilty; motion for a new trial overruled and judgment. The evidence is in the record, and shows that the defendant was licensed under the temperance law of *March* 5, 1859, (1 G. & H. 614,) to sell intoxicating liquor by a less quantity than a quart at a time. The sale, however, was made on *Sunday*, but before the law of *December* 19, 1865, (Acts Spec. Sess. 1865, pp. 197, 198,) came into force.

At the time of the sale, there was no penalty for sales of liquor made on *Sunday*, by a person having a license to sell, and hence, though the license does not extend to sales made

on that day, no prosecution will lie for such sales.  *Hingle* v. *The State*, 24 Ind. 35.

The penalty provided by the law of *December*, 19, 1865, *supra*, does not apply to sales of liquor made before it came into force.  The sale in question took place on the 5th of *February*, 1865.  The law providing a penalty for such sales did not come into force until the 13th of *April*, 1866. The court below erred in overruling the appellant's motion for a new trial.

The judgment is reversed, and the cause remanded, with directions to grant a new trial, and for further proceedings.

*C. M. Allen*, for appellant.

*D. E. Williamson*, Attorney General, for the State.

