JUDGE LINDSAY
delivered the opinion oe the court.
Upon the motion of the appellants they were granted a new trial, upon the payment of all costs up to the date of that order. It is insisted that the condition precedent annexed to the order was unauthorized, and therefore void; but that the order itself was good, and could not be set aside at a subsequent term of the court.
Prior to any statutory provision upon the subject, this court held that a new trial could not be granted upon a condition to be performed out of court, and hence that both the condition and order were void (Gaines v. Daily, 1 J. J. Marshall, 478); and that an order to set aside a non-suit upon the payment of costs was, in effect, an unconditional order so far as the setting aside'of the non-suit was concerned, and an adjudication of the question of costs by the court which could be enforced by subsequent proceedings.' The reason given for this construction of the order was, that it was not to be presumed that the court meant to make an order- which was to be operative only upon the performance by one of the parties of a condition precedent which the court had no authority to impose. (Dana v. Gill, 5 J. J. Marshall, 243.)
Section 31 of chapter 25 of the Revised Statutes, however, *611 expressly recognizes the right of courts to grant new trials upon the payment of costs, and provides that if the party to whom the new trial is granted fails to pay the costs of the former trial before the cause is reached for trial at the next term, the court may, upon the motion of the opposite party, set aside the order granting the new trial and enter judgment on the verdict rendered in the case. To this it is answered that the court in this case exceeded its power, and required the payment of all the costs in the case, and not merely the costs of the former trial. According to the doctrine in the case of Dana v. Gill, in so far as this condition was unauthorized it is void; but as the court did have the right to require the payment of the costs of the former trial, to that extent at least it is valid and binding, and the appellants should have paid or offered to pay such costs. , '
It should also be borne in mind that the order, with the condition complained of, was made upon the motion of appellants themselves, and that they did not object to said condition at the time the order was made; therefore common justice demands that they should not be allowed to claim the benefit of such order without at least performing or offering to perform so much of the condition as the court had the right by express statute to impose upon them.
We can not assume from the record before us that the motion to set aside the order granting the new trial was taken up and sustained before the case was regularly reached for trial.
On the 25th of April, 1870, the action was set for trial on the 17th of the following June. The order appealed from was not entered until the 22d of June, five days thereafter.
For the reasons indicated the judgment of the court below must be affirmed.