Swingle *v.* The Bank of the State of Indiana.

*M. K. Rosebrugh, J. W. Gordon,* and *J. Skeen,* for appellant.

*J. C. Denny,* Attorney General, for the State.

———————•———————

SWINGLE *v.* THE BANK OF THE STATE OF INDIANA.

PRACTICE.—*Bond of Indemnity.*—The statute does not authorize the court to require a bond of indemnity to be given by a plaintiff, as assignee of a deposit in a bank, where no certificate of deposit has been given, and the depositor cannot be found, and publication has been made of notice to the depositor, made a co-defendant with the bank to answer as to his interest.

*Query.*—Is this a proper case for publication?

SAME.—*Costs.—New Trial.*—The court, upon granting a new trial, should make the proper order as to accrued costs, considering the reasons for granting the new trial. The order should not relate to future costs.

APPEAL from the Marion Common Pleas.

DOWNEY, J.—Lawrence Scott deposited in said bank a sum of money, taking no certificate of deposit. Afterward he transferred his right to the money to the plaintiff herein, the said Swingle. Swingle sued the bank, making Scott a defendant, to answer as to his interest. Upon an affidavit of the plaintiff, stating that he had made diligent search and inquiry, to ascertain the residence of said Scott, but without avail, and that the residence of said Scott was unknown to him, publication was made as to him, and he was thereupon defaulted. See 3 Ind. Stat. 360.

The bank appeared, and answered by a general denial, and

by alleging that Scott had died before the suit was brought, and that his personal representatives were necessary parties to the suit. There was a reply by general denial. The court, by agreement of the parties, tried the cause, and found for the plaintiff, but found also that the bank was entitled to a bond of indemnity before the plaintiff could have execution. On the plaintiff's motion, a new trial was granted by the court, "without making any order as to future costs," as the bill of exceptions states. Upon the second trial, there was what may be regarded as a general finding for the plaintiff, on which the court rendered judgment requiring the plaintiff to execute a bond in the sum of seven hundred dollars to the bank, to indemnify the bank from any claim to the money, which might be set up by Scott, or his representatives, heirs, creditors, or assigns; and upon filing the said bond, approved by the court, that he recover of the bank the said sum of three hundred and fifty dollars, and his costs and charges up to and including the first judgment, and that the bank recover the costs by it expended, occasioned by the new trial.

The questions discussed relate to the correctness of the action of the court in requiring the plaintiff to execute the indemnifying bond, and to pay the costs of the last trial.

We doubt whether this is a case in which notice by publication could be given, but as no question was made as to this in the court below, we make none.

We are of the opinion that the court erred in requiring the execution of the bond of indemnity. Counsel for the appellee refer us to 2 G. & H. 153, sec. 202. But that section applies to cases where it is admitted by the pleadings or examination of the party that he has in his possession, or under his control, money or other thing capable of delivery, which, being the subject of the litigation, is held by him as trustee for another party, or which belongs, or is due to, another party. In such a case the court may, according to that section, order the same to be deposited in court, or delivered to such party, with or without security, subject to

the further direction of the court. We think it quite clear that the case under consideration does not come within this section of the code. There was no admission in the pleading or examination of the defendant, as contemplated by this section. On the contrary, the defendant pleaded a general denial, and there was no examination of the party. Beside this, the section seems not to contemplate the making of such an order on the final hearing, as the deposit in court of the money or thing in controversy is to be made subject to the further order of the court.

With reference to the question relating to the costs, it is provided, that the court may allow a new trial at the costs of the party applying therefor, or on the costs abiding the event of the suit, or a portion of the costs, as the justice and equity of the case may require, taking into consideration the causes which may make such new trial necessary. 2 G. & H. 214, last division of sec. 352.

The written motion on which the court granted the new trial assigned as grounds therefor the insufficiency of the evidence; that the finding was contrary to law; that the conclusions of law upon the facts were contrary to law; and because the order of the court requiring the bond of indemnity was unauthorized. For which of the reasons the new trial was granted, is not made to appear. The court, at the time of granting the new trial, made no order for the payment of any of the costs, but when the case was again tried, and judgment rendered, required the plaintiff to pay, not the costs that had accrued to the time of granting the new trial, or any part of them, but all the costs that accrued after the granting of the new trial. In our opinion, this was not correct. The order which the court is authorized to make, on granting a new trial, relates to the costs that have already accrued in the cause, and not to those which may afterward accrue, and we think that the court should make the order as to the costs at the time of granting the new trial. In making the order for payment of costs, or granting the new trial without their payment, the court is to " take into

consideration the causes which may make such new trial necessary." The court is not to make the question depend upon the result of the second trial, but upon the reasons which control it in granting the new trial.

As the plaintiff succeeded in the case on the final trial, and no order. had been made on granting the new trial requiring him to pay any costs, he was entitled to recover full costs.   2 G. & H. 225, sec. 396.

The judgment, so far. as it requires the appellant to exe-- cute the bond of indemnity, and so far as it requires him to pay any costs to the appellee, is reversed, with costs; and the court is instructed to render judgment that he recover full costs.

*C. Hamlin* and *D. V. Burns*, for appellant.

*F. Rand* and *R. H. Hall*, for appellee.