## BERGMAN v. ASHDILL.

COSTS.—*Appeal from Justice of the Peace.—New Trial.*—Where a cause is appealed from a justice of the peace to a higher court and there tried, and a new trial is granted generally, without any order as to the costs, the costs will abide the event of the suit.

SAME.—If, on the appeal of a cause from a justice of the peace, the complaint is amended in the appellate court by stating the same cause of action more specifically, the rule of costs on appeal from a justice of the peace *is* not changed.

SAME.—*Constitutional Law.*—Section 70 of the justices' act (2 G. & H. 597), in reference to costs in causes appealed from a justice of the peace, is constitutional.

From the Randolph Common Pleas.

*E. L. Watson, L. J. Monks, J. N. Templer, R. S. Gregory, J. Bishop,* and *L. J. Baker,* for appellant.

*S. Colgrove,* for appellee.

BUSKIRK, C. J.—This was an action by the appellant against the appellee, before a justice of the peace of Jay county, to recover damages resulting from an alleged fraud practised by the appellee in the sale of certain hogs to the appellant.

The appellant had judgment before the justice in the sum of one hundred and eighty dollars, from which the defendant appealed to the common pleas court, in which court the appellant filed an additional paragraph of complaint, setting forth with greater particularity the original cause of action, and the cause was tried by a jury, and resulted in a finding for the appellant in the sum of one hundred and eighty-three dollars and eighty-eight cents.

Upon the motion of appellee, a new trial was granted, and, upon the application of the appellant, the venue was changed to the Randolph Common Pleas.

In the Randolph Common Pleas, the cause was tried by a jury, and resulted in a verdict in favor of appellant for one hundred and sixty dollars.

The appellant moved the court to grant him a new trial, but the motion was overruled, and this ruling is assigned for error, but need not be further noticed, as the evidence is not in the record.

The appellant filed the following written motions for the taxation of costs :

First. To tax against the appellee all the costs which had accrued prior to the granting of the new trial to the appellee in the Jay Common Pleas.

Second. To tax all the costs which had accrued in this cause to the appellee.

Third. To tax against the appellee all the costs which had accrued subsequent to the amendment of the complaint in the Jay Common Pleas.

Fourth. To tax against the appellee the costs of certain witnesses.

The first, second, and third motions were overruled, and the fourth was granted.

It is contended that the first motion should have been sus-

tained, because the court could only have granted a new trial upon the payment of all costs which had accrued up to such time. The position is untenable. It is provided by the eighth subdivision of section 352 (2 G. & H. 214), that the court may grant a new trial at the costs of the party applying therefor, or on the costs abiding the event of the suit, or a portion of the costs, as the justice and equity of the case may require, taking into consideration the causes for which the new trial may be granted.

The court granted a new trial generally, without any order as to costs, and in such case the costs abide the event of the suit.

The second motion presents the same question as that which arises on the motion made by the appellee, and will be hereafter considered.

The third motion was properly overruled, as the amendment of the complaint in the common pleas could not change the rule of costs on appeal from a justice of the peace.

There is no complaint as to the ruling on the fourth motion.

The appellee moved to tax against the appellant all the costs in the cause. The motion was sustained, except as to the witness fees taxed against the appellee under the fourth motion of appellant, and this action of the court is assigned for error, and presents the principal question in the cause.

Section 70 of the justices' act, 2 G. & H. 597, provides as follows : " Costs shall follow judgment in the court of common pleas, or circuit court, on appeals with the following exceptions :

" First. If either party against whom judgment has been rendered appeal and reduce the judgment against him five dollars or more, he shall recover his costs in the court of common pleas, or circuit court, when the appellant appeared before the justice.

" Second. If either party in whose favor judgment has been rendered appeal and do not recover at least five dollars more than he recovered before the justice, the appellee shall recover his costs in the court of common pleas or circuit court."

Counsel for appellant insist that the above quoted section is unconstitutional, and in support of such position refer us to *Kuhns* v. *Krammis*, 20 Ind. 490. In the case cited, the above quoted section was held to be unconstitutional, but in *Robinson* v. *Skipworth*, 23 Ind. 311, the former case was expressly overruled. The ruling in the latter case has been adhered to in the following cases: *Hingle* v. *The State*, 24 Ind. 35; *Grubbs* v. *The State*, 24 Ind. 295; *Crist* v. *Glidewell*, 25 Ind. 396; *Murray* v. *Kelly*, 27 Ind. 42.

We fully approve of the ruling in *Robinson* v. *Skipworth*, *supra*, and the cases following it. It results, that the ruling of the court below was correct.

The judgment is affirmed, with costs.