Turpin v. The State.

No. 10,075.

TURPIN v. THE STATE.

CRIMINAL LAW.—*Laws of 1881.*—*Past Offences.*—Under the laws of 1881, the right to prosecute for past offences is saved.

SAME.—*Arraignment.*—*Waiver.*—The formalities of an arraignment, as that the indictment was read to the defendant by the prosecuting attorney instead of the clerk, may be waived by pleading without objection.

SAME.—*Indictment.*—*Time and Place.*—The time and venue, once alleged in an indictment, need not be repeated.

From the Gibson Circuit Court.

*W. H. Trippet*, for appellant.

*D. P. Baldwin*, Attorney General, *A. H. Taylor*, Prosecuting Attorney, *W. W. Thornton* and *H. A. Yeager*, for the State.

WOODS, J.—The appellant was convicted and sentenced to the State prison for three years, upon a charge of assault and battery with intent to murder.

He prosecutes this appeal on three grounds:

First. That the indictment is defective.

Second. That he was not arraigned properly.

Third. That the offence being charged to have been committed on a day prior to the taking effect of the laws of 1881, and the indictment not having been found until after those laws came into force, the right to prosecute the case was gone.

The last point was decided adversely to the appellant in *Sanders* v. *The State*, 77 Ind. 227.

In reference to the arraignment, the bill of exception shows "That the court directed that the defendant be arraigned and required to plead to the indictment; thereupon the defendant stood up in open court, in the presence of the judge and clerk thereof, and in the presence of Wm. H. Trippet, counsel for the defendant, whereupon the prosecuting attorney of the Eleventh Judicial Circuit, in a loud and plain voice, read the indictment herein to the defendant, and inquired of him what was his plea thereto? And the defendant responded, 'Not guilty.'"

No objection to this arraignment was made at the time, but after verdict the defendant moved the court to set aside the proceedings subsequent to the indictment, because the indictment was not read to him, and he was not asked to plead thereto "by any officer or person having authority in that behalf." In support of this proposition, the following cases are cited: *McJunkins* v. *The State*, 10 Ind. 140; *Sohn* v. *The State*, 18 Ind. 389; *Molihan* v. *The State*, 30 Ind. 266; *Feriter* v. *The State*, 33 Ind. 283; *Graeter* v. *The State*, 54 Ind. 159; *Fletcher* v. *The State*, 54 Ind. 462; *Clare* v. *The State*, 68 Ind. 17; *Tindall* v. *The State*, 71 Ind. 314.

By the 187th section of the criminal code, R. S. 1881, section 1762, it is provided, that "the defendant shall be arraigned by the reading of the indictment or information to him by the clerk, unless he waived the reading," etc. This, however, is not to be construed as a peremptory requirement, which must be waived entirely, else fulfilled to the letter. If the defendant had entered his plea, without a reading of the indictment, by authority of some of the cases cited, it would have been a waiver of formal arraignment, and having entered his plea, without any objection to the manner of the arraignment, it was too late after verdict to make the objection.

The only objection made to the indictment is that time and place are not designated in immediate connection with the allegation or phrase, "Which pistol he, the said Thomas Turpin, had and held in his hand and shot off, at, against, to, and upon the said Henry Walker." Counsel says upon this point: "It is true, we have a statute, section 181 of the criminal code, which says that no indictment shall be quashed 'For the want of an allegation of the time or place of any material fact, when the venue and time have once been stated;' but that, I think, has reference to repeating the language itself. * * It seems to me that it would be no pleading at all unless the words then and there, or their equivalent, were in every material allegation."

We feel constrained, however, to abide by the legislative intention, which is evidently different from the view thus advanced.

There being no error in the record, the judgment of the circuit court is affirmed.