WALLINGFORD, SHAMP & CO., PLAINTIFFS IN ERROR, V.
L. C. BURR, DEFENDANT IN ERROR.

1. **Sale:** GOOD-WILL. The good-will of a mercantile or other business is property for which, in a proper case, the purchaser is liable.

2. **Assignment** set forth in opinion, *Held*, To be absolute and without limitation.

3. **New Trial:** COSTS. Where upon a new trial being granted

the plaintiff was permitted to amend his petition by stating more fully a cause of action arising on his contract—not a new cause of action, *Held*, That an order requiring him to pay only a part of the costs then accrued would not be set aside.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Brown & Ryan Brothers*, for plaintiffs in error.

*L. C. Burr*, for defendant in error.

MAXWELL, J.

This case was before this court in 1883, and is reported in 15 Neb., 204, the judgment of the court below being reversed. The action was brought to recover for an alleged sale and delivery of goods, wares, and merchandise, etc. A copy of the contract is set out in the former opinion. This court held that the sale of the goods was not complete before they were seized upon execution against Keefer, and hence for the goods thus seized and sold on the execution no recovery could be had. It was evident, however, that the plaintiffs had obtained the lease of the store, the good-will of the business, a considerable quantity of goods on commission, upon which the freight had been paid, and other property. Hence, in the former opinion, it is said (pages 208–9), "for the goods obtained by them which were held on commission, for the store and good-will, and any other property they may have received, they are liable." The court permitted the plaintiff below (defendant in error) to amend his petition, and on the trial he recovered the sum of $782.19.

The principal grounds of objection to the judgment are: *First.* That no claim for the good-will was made in the first petition; and *Second.* That the assignment does not transfer the same to the defendant in error.

That the good-will of a mercantile or other business is

a part of its assets was held by this court in *Sheppard v. Boggs*, 9 Neb., 258. See also *Willett v. Blanford*, 1 Hare, 253. *Bradbury v. Dickens*, 27 Beav., 53. *Williams v. Wilson*, 4 Sand. Ch., 380. *Wedderburn v. Wedderburn*, 22 Beav., 84. *Dayton v. Wilkes*, 17 How. Pr., 510. *Hathaway v. Bennett*, 10 N. Y., 108. *Fenn v. Bolles*, 7 Abb. Pr., 202. *Kellogg v. Totten*, 16 Id., 35. Being property it was subject to sale, and was expressly included in the contract. The plaintiffs have received the benefit of it, and justice requires that they should pay for the same.

*Second.* The assignment from Keefer to Burr is as follows:

"LINCOLN, NEBRASKA, January 17th, 1882.

"For value received, I hereby sell, assign, transfer, and set over unto L. C. Burr all my right, title, and interest in and to the balance due me on sale of goods, etc., to Wallingford, Shamp & Co., in the sum of $2,558.80, less a payment of $144.98, leaving due from Wallingford, Shamp & Co. to me the full sum of twenty-four hundred thirteen and eighty-four-hundredth dollars.

"HENRY KEEFER."

It is evident that Keefer intended to assign all his interest in the proceeds of the property to Burr, and that the statement of the amount due from the plaintiffs is in the nature of an assertion that the claim amounted to the sum named. But there are no words of limitation or restriction. The assignment therefore includes the entire amount due from the plaintiffs for all the property purchased by them from Keefer, designated in the written contract. The objection, therefore, is untenable.

The jury would have been justified in returning a verdict for a much larger amount, but as the defendant in error does not complain it will not be set aside.

As a condition of amending his petition, the plaintiff below was required to pay $50 of the costs then accrued. The plaintiffs in error claim that he should have been re-

quired to pay all costs to that date.    It is evident, however, that he merely stated more fully his cause of action based upon the written contract for the good-will, and did not state a new cause of action.    The court did not err, therefore, in not requiring the payment of all the costs.    There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.