FIRST NATIONAL BANK OF GRUNDY CENTER, Appellee, v. THOMAS BROWN, Sheriff, Appellant.

Practice : COSTS : PAYMENT. The district court made an order in vacua-tion granting the plaintiff a new trial upon condition, that it pay the costs in the case by noon of the next day after service of notice of said order, if served in term time. The notice was so served and before noon of the next day, the amount of the costs having been ascertained, plaintiff's counsel requested the clerk to consider the costs paid, and he would see his client, and have him give him the money. To this the clerk assented, and entered his receipt for the money of record. The money not having in fact been paid, however, the defendant more than a month afterwards filed a motion for judgment on the above order of court. *Held*, that plaintiff had sufficiently complied with the order to entitle it to the new trial.

*Appeal from Grundy District Court.*—HON. C. F. COUCH, Judge.

MONDAY, OCTOBER 20, 1890.

ACTION in replevin. The jury returned its verdict for defendant on the fourth day of June, 1888, and on the seventh day of June the plaintiff filed its motion for a new trial, which, was by agreement, submitted to the judge in vacation, who in vacation prepared an order of which the following is the material part for the purpose of this appeal :

"The following order is made by consent of parties in vacation, upon condition that the plaintiff pay all costs of the trial had in this case. The plaintiff is granted a new trial, provided, however, that if the plaintiff fails

to pay said costs by noon of the second day of the term succeeding the service of notice of this order, or by noon of the next day after such service if made in term. time, then the defendant will have judgment for the return of the property or its value, to-wit, one hundred and seventy-five dollars, on the verdict in this case, and the motion for a new trial will stand overruled."

This order was filed in open court on the tenth day of April, 1889, and under the conditions of the order, to entitle plaintiff to a new trial, the costs must be paid by noon of the eleventh day of April, 1889. On the twenty-eighth of May following, the defendant filed a motion for judgment on the order of the court, because the costs had not been paid as required by the order. The court overruled the motion, and from its order the defendant appealed.

*J. J. Tolerton*, for appellant,

*R. J. Williamson* and *Boies, Husted & Boies*, for appellee.

GRANGER, J.—The motion for judgment, which is the basis for the order of the court appealed from, presented the question, whether or not the plaintiff had so complied with the order for payment of costs as to be entitled to a new trial. Affidavits were filed by the parties for and against the claim that they had not been paid. The amount of the costs to be paid was thirty-nine dollars and ten cents, and in the clerk's office is his (the clerk's) receipt for that amount, dated April 11, 1889. It is, however, a fact, that the money was not at that time, nor for sometime thereafter, actually paid to the clerk; and, as much in the affidavits is directed to this particular point, we need not incumber the opinion with their production. At the request of the court the clerk prepared and filed the following affidavit to be considered in disposing of the motion:

"I, E. H. Allison, clerk of the district court of Iowa, in and for Grundy county, do state that the following are the facts, as to the costs ordered paid in the

above-entitled case as per decision of Judge NEY filed at our April term, 1889. I was asked by Mr. Williamson in the court room to figure up the amount of costs as per order of court, and we agreed to go to the office in the evening and do so, April 10, 1889, and did so; but as I did not have the decision with me I was not positive as to which costs, and I deferred filling in the amount in the receipt till next morning, when I was to look more particularly over it, which I did and informed Mr. Williamson of the same at the court room, or on the street near, and he said for me to consider it paid, and he would see Shuler, and have it fixed, and have him give me the money or deposit it for me, and I think I gave him to understand that would do. I also informed Mr. Shuler of the amount. And the day I was making up my record in the case Mr. Brown, sheriff, came in followed soon after by J. M. Rea, and the sheriff spoke something about his costs, and I said I had not got the money yet, and that I must go and see the parties about it, and I did speak to Mr. Williamson about it."

Nothing more is claimed by appellant than that the money for the costs was not actually paid to the clerk before the filing of his motion for judgment, and such fact must be found in his favor. We then meet the question if such actual payment is absolutely essential to a compliance with the order. It is true that such an arrangement had been made that the clerk had entered in the records of the court his receipt for the money. Just what the understanding was between the plaintiff and the clerk is somewhat in dispute, but the evidence is such, that the district court may have found that the plaintiff had made such an arrangement that the costs would have been paid at any time to any party entitled thereto on demand. No demand for costs was at any time made, nor were they in any manner called for. There were inquiries if the money had been " actually received," but such inquiries seem to have been for other purposes than to obtain the money. Now, as a test of the actual necessity for the payment of the

money by plaintiff, let us suppose that the costs had been called for by defendant, and in pursuance of the arrangement with the plaintiff the clerk had paid them, or offered the money, and it had been refused merely because not paid in by the plaintiff. Would it then be thought that a motion for judgment should be sustained because of the default on the part of the plaintiff? Evidently not, and for the reason that there was a substantial compliance with the order of the court. The court intended by its order that the defendant, or parties entitled thereto, should have the costs at any time after a particular date. If such provision was made that they could have them, who can rightfully complain? Now there is much in the record to show that the clerk expected to pay these costs if called for. It is in harmony with the facts that he had receipted for them on the record, and his statement to the defendant that his receipt made him personally liable for them. We are not intimating that this arrangement would be a compliance with the order, if the money was not ready when called for at all times after the period fixed. If it was ready, we think it would be a compliance. It is not necessary for us to say that the testimony shows such fact. It is only necessary for us to know that the district court could have so found from the testimony, and of that fact there is little room for doubt. We do not try the question of fact anew. It is a proceeding at law, and all presumptions are in favor of the findings of the court.

We have not set out all the testimony from which the district court could have found the fact as to the costs being provided for, nor is it necessary. It is not the doubtful question in this case. It was the judgment of the district court that the plaintiff should have a new trial upon the conditions named; and it seems also to be its judgment that the plaintiff has so complied with the conditions that the trial should not now be denied. We are unable to discover any prejudice to the defendant in the rulings, and the action of the district court in refusing the motion for judgment is AFFIRMED.