Green v. Brown & Manzanares Co.

[No. 980.    February 26, 1903.]

ALFRED G. GREEN, AND MARTHA GREEN, Plaintiffs in Error, v. BROWN & MANZANARES COMPANY, Defendant in Error.

SYLLABUS.

1. Where a motion for a new trial was granted the plaintiff below, upon payment of costs, and the costs taxed at that time were paid, except $3.25; and where the record shows that the cause was set for trial at different terms of court by consent, or without objection of defendants below, upon the ground that the condition had not been performed as to payment of costs, until the cause came on for trial ten years later: *Held*, that such objection came too late, and must be considered waived by the acts of the defendants below by failure to object and by consent to setting of cause for trial.

2. Where there is a substantial conflict of evidence upon the issues of fact, this court will not disturb the verdict of the jury based thereon, there being competent evidence to support such verdict.

3.   Since the court below in denying the motion for a new trial, must necessarily have determined that the verdict was not the result of passion or prejudice, this court will not disturb the verdict upon that ground.

4.   Where requests for special findings are substantially covered by other interrogatories given, it is not error for the court to refuse to submit them to the jury.

Error to the district court of Mora county before WILLIAM J. MILLS, Chief Justice.   Affirmed.

W. C. READ for plaintiffs in error.

Where all the reasonable probabilities and over-. whelming weight of evidence are against a verdict or against admissions, or so manifestly against the weight of evidence as to raise a necessary inference that it was the result of passion or prejudice, and not an intelligent or honest exercise by the jury of its proper and lawful functions, in such an emergency the verdict will be set aside.

3 Cyc. of L. and P., pp. 352-353.

The court granted the defendants a new trial on condition that they should pay the costs of the term within twenty days.   The grant of a new trial was conditional.   The condition was not complied with.   The plaintiff was therefore at liberty to enforce his judgment.

Adams v. Neeley, 15 Ill. 360; Rixey v. Ward, 3 Rand. (Va.) 52; Buntain v. Musgrove, 25 Ill. 154; 14 Ency. of P. and P., p. 946 and 936; Mabley v. Judge, 41 Mich. 31; Ward v. Patterson, 46 Pa. St. 372; Cook County v. Calumet, etc., 19 N. E. 46.

Where a new trial is granted on payment of costs, the right to the new trial is forfeited if the costs be not paid.

Moberly v. Davar, 5 Blackfords (Ind.) 409; Garroutte v. Haley, 104 Cal. 497; Brown v. Cline, 109 Cal. 156; Chambers v. Bass, 15

Ind. 3; Grundy Center First National Bank v. Brown, 81 Iowa 208; Myers v. Lummis, 50 Ky. 456; Central Land Co. of Obenchain, 94 Va. 130.

The court erred in refusing to submit, upon the request of the defendants below, certain questions of fact to the jury.

2 Thompson on Trials, sec. 2672; Bent v. Philbrick, 16 Kas. 190; C. C. C. & St. L. R. R. Co. v. St. Bernard, 19 Ohio Cr. Ct. R. 296.

T. B. CATRON and FRANK SPRINGER for appellee.

The Supreme Court will not disturb the verdict of a jury where there is any substantial evidence to support it.

Torlina v. Trorlicht, 5 N. M. 148.

And where there is a substantial conflict the verdict will not be disturbed, unless errors of law occurred upon the trial.

Lacey v. Woodward, 5 N. M. 583; Lynch v. Grayson, 7 N. M. 26; Hicks v. Territory, 6 N. M. 569; Territory v. Trujillo, 7 N. M. 43; Schofield v. Territory, 9 N. M. 526 and 539; Lovejoy v. Leonard, 51 Iowa 695, 1 N. W. 535.

The motion for a new trial must be made in the court below, or the Supreme Court will not review the action of the lower court on error.

Schofield v. Slaughter, 9 N. M. 435; Territory v. Archebeque, 9 N. M. 405; Territory v. Christman, 9 N. M. 587; Chavez v. Territory, 9 N. M. 282.

Reasonable discretion remains in a court to refuse to submit questions which are merely cumulative, or which, if answered either way do not tend to throw any light on the general verdict.

Mo. Pac. R. R. Co. v. Holley, 30 Kansas 473.

STATEMENT OF THE CASE.

This is an action of ejectment brought by the plaintiff company to obtain possession of certain lands described in the pleadings, from the defendants, Alfred and Martha Green, and other defendants who are not parties to the proceedings in this court. The plaintiff company claims title and right of possession, under a grant and mesne conveyance from all predecessors in title, to it. All of the defendants plead not guilty, and defendants Green & Green also set up adverse possession for ten years, but neither of the defendants claim or attempt to prove paper title or color of title.

Trial was had in the district court of San Miguel county, and a verdict of "not guilty" was rendered by a jury May 9, 1890. On the twenty-eighth day of May, 1890, on motion of the plaintiff, the court gave a new trial, the order being in the following language: "It is therefore ordered and adjudged, by the court, that the motion for a new trial be and is hereby granted, *upon the payment by the plaintiffs of all costs of the plaintiff and defendants,* including a certified copy of all the evidence taken."

There was no judgment rendered upon the verdict of the jury in the first trial. The record shows that on the second day of June, 1890, the costs taxed and unpaid by plaintiffs' deposit, were $135.75, as shown by a pencil memorandum of the clerk, and upon the same day Frank Springer, Esq., attorney for plaintiffs, paid the clerk $132.50 and the stenographer $150. There is also in the record a fee-bill purporting to show all costs from the commencement of the suit until the second trial which occurred in 1901, about eleven years after the date of the order granting new trial. This fee-bill shows costs amounting to more than $450 with credits of only $142-.50, but it does not differ from the clerk's memorandum as to the costs taxed June 2, 1890.

The record shows that the cause was on the calender for trial at the November term, 1890, and witnesses were subpoenaed for both parties; that on November 13, 1890, the defendants did not object to the trial on the ground that the costs were not paid, but moved for a continuance of the cause until the next term on other grounds, and this was agreed to.    At the November term, 1891, the cause was set for trial by consent.  Plaintiffs moved the court for a change of venue, which was granted, the defendants opposed the change of venue, not on the ground that the order allowing new trial had not been complied with, but because it would prevent a speedy trial, and for other reasons.  At the March term, 1892, the cause was continued on motion of the defendants.    March 7, 1893, the cause continued by consent. The record shows that the cause was continued from term to term until the October term, 1901, when it was set for trial by consent and a trial was had.   Before the trial was actually commenced at that term, the defendants' counsel made objection to the trial proceeding until all the costs were paid, but the court ordered the trial to proceed, and a verdict of "guilty" was rendered by the jury.

OPINION OF THE COURT.

McFIE, J.—A reversal of this cause is urged upon three grounds:

First.   That the verdict was contrary to the evidence and indicated prejudice and hatred.

Second.   That the court erred in overruling the objection to a second trial upon the ground that the plaintiff had not complied with the order of the court granting a new trial.

Third.   That the court erred in refusing to submit to the jury certain questions of fact requested by the defendants.

The second proposition above stated will be first

considered. There being no statute in this Territory governing the taxing of costs as a condition to the granting of a new trial in ejectment, the imposition of such terms is within the discretion of the court. It is therefore not jurisdictional, the court having full power to vacate or modify the terms of such order.

Hadley v. Petheal, 23 Civ. Pro. Rep, (N. Y. S. C.) 216; Pennel v. Wilson, 2 Abb. Pr. (N. Y. S. C.) 466; Wentworth v. Kandee, 17 How. Pro. 405; Denn v. Morris, 8 N. J. L. 213; Single v. State Bank, 41 Ind. 423; Williams v. Hodge, 11 Met. (Mass.) 266; Kruger v. Adams, etc. Harvester Co., 9 Neb. 526; Wallingford v. Burr, 17 Neb. 137; Justice v. Fennimore, 1 N. J. L. 339; Boswell v. Jones, 1 Wash. (Va.) 322; Joddard v. Treadwell, 29 Cal. 281; Bergman v. Ashdill, 48 Ind. 489.

A court of general jurisdiction has power to impose such condition as a condition precedent, and where such condition is imposed, there must be a substantial compliance with the condition to entitle a party to a new trial. Grundy Center First National Bank v. Brown, 81 Iowa 208. In the case here, the court had the right to impose the condition but the order evidently embraced only the costs accrued up to the time the order was made, May 28, 1890, and did not require the payment of all costs accruing for the ten years pending the second trial. Swingly v. State Bank, 41 Ind. 423; Carbon v. Stout, 7 Bush (Ky.) 609. While the pencil memorandum of the clerk showed the costs accrued up to the time the motion was granted to be $135.75 and the payment of $132.50 June 2, it is evident from the conduct of the parties to the suit that the condition upon which the trial was granted had been complied with to the satisfaction of the defendants. If the order was not, at least substantially complied with, the same could have been vacated upon motion, or they could have moved for judgment, either of which motions would have been proper. No such motion was ever presented to the court during the eleven years the cause was pending; but on

the contrary the defendants, on different occasions, consented that the case should be set for trial; the cause was continued upon their motion, and they urged a speedy trial in resisting the application for change of venue. These acts of the defendants, who are presumed to know their rights, amount to a waiver of the objection now raised, it appearing that for more than ten years they were willing to go to trial, under the order now complained of. Under such circumstances, it must be presumed, that the conditions of the order had been complied with, and that the defendants admitted such to be the fact. In most of the cases cited by the defendants' counsel judgment had been rendered in the lower court and the court held that the judgment having been rendered, it was not vacated by the conditional order for new trial, and in event of failure to comply with the condition imposed, the sustaining of a motion to vacate the order would leave the judgment in force. In this case, there was no judgment rendered in the lower court upon the verdict of the jury, so far as the record shows, and the proper proceedings would have been for the defendant to have filed a motion to vacate the order for new trial and for judgment on the verdict. No such motion was ever brought to the attention of the court in this case.

It further appears that this matter was not brought to the attention of the lower court in the motion for a new trial. Under numerous decisions of this court, failure to do this is fatal to the assignment.

Chavez v. Territory, 9 N. M. 282; Territory v. Christman, 9 N. M. 587; Schofield v. Slaughter, 9 N. M. 435; Territory v. Archibeque, 9 N. M. 405; Conway v. Carter, 68 Pac. 941.

The first, second and third assignments of error will be considered as one, as defendants urged their consideration as showing that the verdict was contrary to the evidence, and manifested prejudice and hatred toward the defendants.

It is contended by defendants' counsel that there was no evidence to support the verdict, as the testimony of defendants' witnesses as to ten years' adverse possesion was uncontradicted, and that there was no conflict in the evidence. We have carefully examined the evidence in the record and are of the opinion that there was a substantial conflict as to whether or not the defendants, Alfred and Martha Green, held peaceable possession of the land as required by law. Green admits in his testimony that he and his family moved away from the land after he erected his first house, and he conducted a store elsewhere for at least two years and a half; that he built two or three houses at different places, but not on the Montoya land in question; that there was little or no fencing, etc. On behalf of the plaintiff a complete paper title was shown from the grantee in the grant, through mesne conveyances down to the plaintiff. Aniceto Baca, a nephew of the original grantee, and who seemed thoroughly acquainted with the land and those who had owned and occupied it, testified that the land in question was occupied and cultivated continuously by the different owners, naming them, down to the time this suit was brought in 1889, and that this was done openly and notoriously. He further testified that Green lived at Puerto de Luna a long distance from the land and remained away for eight or ten years. That they returned three or four years after the railroad reached Las Vegas, which was on the fourth day of July, 1879. As this suit was brought in 1889, it will be observed that this evidence is in direct conflict with defendants' evidence. And there was other evidence more or less in conflict with the evidence for the defense and upon this issue the onus was upon the defendants to show continuous possession for ten years. This evidence being conflicting, it was for the jury to determine its weight, and also the credibility of the witnesses and it is not the duty of this court to do so. The Supreme Court will not disturb the verdict of a jury where

there is any substantial evidence to support it. Torlina v. Trorlicht, 5 N. M. 148. Where there is a substantial conflict in the evidence the verdict of the jury will not be disturbed unless errors of law occurred upon the trial. Lacey v. Woodward, 5 N. M. 583. An appellate court will not weigh the evidence in a case where there is a direct conflict, but will accept the verdict of the court and jury who had an opportunity to "weigh" the witnesses. Hicks v. Territory, 6 N. M. 596; Lynch v. Grayson, 7 N. M. 26; Territory v. Trujillo, 7 N. M. 43; Schofield v. Territory, 9 N. M. 526; Torlina v. Trorlicht, 5 N. M. 148. The Supreme Court does not consider the weight of evidence. The jury and the trial judge do that; and if the judge who presided at the trial had thought that the verdict was not a proper one, and one which was warranted by the evidence adduced, he undoubtedly would have set it aside and have granted a new trial himself, even if plaintiff in error had not made the motion for such new trial. Schofield v. Territory, 9 N. M. 539. There being a conflict in the evidence, there does not seem to be any substantial basis for the charge that the verdict was the result of prejudice against or hatred of the defendants. Upon this point the Supreme Court of Iowa in the case of Lovejoy v. Leonard, 51 Ia. 695, held that: "Since the court below in denying the motion for a new trial must necessarily have determined that the verdict was not the result of passion or prejudice, the Supreme Court will not interfere with any question of fact determined by the jury." This doctrine seems to be equally applicable to this case, and is decisive of this point. The fifth, sixth and seventh assignments are to the effect that the court erred in refusing to give the jury three interrogatories requested by the defendants. The first of these requests is as follows: "Defendants ask the jury to find for how long a time prior to the filing of this suit, A. G. Green held such open, public and adverse possession of said land." This request was properly refused, as the

court had more accurately covered that issue by giving the sixth interrogatory requested by the defendants which is as follows: "If the evidence established that defendants had been in adverse possession of the land for more than ten years immediately preceding the filing of the complaint?" The issue in the case was whether or not defendants had held adverse possession for ten years. This was a proper inquiry, but fully presented by number six and the charge of the court, therefore it was unnecessary to give the other request, the answer to which if more or less than ten years would be immaterial. A second request was as follows: "Defendants ask the jury to find if the defendant A. G. Green, at the time of filing this complaint was in open, notorious, adverse possession of the lands described in the complaint, or any part thereof adverse to the plaintiff." This request was properly refused, because it was settled by the pleadings. The complaint alleged possession by the defendants and the pleas admitted it. The precise nature of this possession at that particular time, was not material. Robinson v. Palatine Ins. Co., 66 Pac. 538. Defendants assign error upon the refusal of the court to give the following request for special finding: "Defendants ask the jury to find if the lands described in the complaint in this action are the same lands, and having the same metes and bounds, as claimed by plaintiff by their evidence in this case." The court gave the following request for special finding upon the same subject-matter: "Does the jury find from the evidence that the land sued for as set out in the complaint is the same as established by the evidence?" The court evidently held, that the issue was fully covered by the request above given, and which was also submitted by the defendants. Defendats' counsel contend upon the argument, that there were two maps introduced and that there was a conflict between them as to the boundaries. The maps themselves do not show this conflict, but there was a confusing mass of oral evidence as to a conflict, if certain facts

existed. All of this evidence, the maps and oral evidence concerning them were for the consideration of the jury to enable them to determine by their verdict whether the proof related to the land sued for. This being determined by their answer to the request last above set out, it was immaterial whether the other interrogatory was answered or not. There was no error in the court's refusal to give the request complained of, as the issue was fully covered by a former request of the defendants. "Interrogatories which are substantially covered by other interrogatories given, may be properly refused." 20 Encycl. P. and P. 322. "The only request for special findings that are material under the statute are such as, if answered as desired by the party offering them, will make the verdict for the other party inconsistent. Any question, the answer to which would be inconclusive, and which no matter how answered would not be inconsistent with the general verdict, may be withheld from the jury. Only such questions as bear upon the facts material to the issues, and whose answers may in some way control or affect the general verdict, should be submitted." 20 Encyl. P. and P. 327, 328, 329.

Brewer, J. in Railroad v. Holley, 30 Kan. 473, said: "The court is not a mere mouthpiece through which the party interrogates the jury. The jury is not, as it were, placed upon the witness stand to be cross-examined by counsel. It is the duty of the court to supervise the questions presented; to select the most important................; it should strike out the trifling and unimportant, and should not permit the jury to be confused, and the case lumbered up with useless matter." .

The judgment of the court will be affirmed with costs. And it is so ordered.

Baker and Parker, JJ., concur.

Mills, C. J., having tried the case below took no part in this opinion.